SAMUEL MORSE *v.* TOWN OF RICHMOND.

*Evidence. Charge. Exceptions.*

A witness while testifying in this case made a statement which was instantly objected to, and ruled out by the court as inadmissible. *Held*, that the court properly omitted, though requested, to refer to this testimony in the charge to the jury, or to treat it as in the case.

*Held*, that as no exception was taken to the ruling of the county court rejecting this testimony, the question as to its admissibility was not before this court.

CASE to recover for injuries to the plaintiff's wife, and to his horse, wagon and harness, alleged to have been sustained in consequence of the insufficiency and want of repair of a highway in Richmond, which it was the duty of the town to keep in repair. Plea, the general issue. Trial by jury, at the April term, 1869, PIERPOINT, C. J., presiding.

It appeared that on the      day of June, A. D., 1864, between two and three o'clock in the afternoon, while the plaintiff's wife

and son were traveling in a highway in Jonesville, a village in the town of Richmond, with the plaintiff's horse and wagon, the horse became frightened and unmanageable, by reason of which the wagon was overturned, causing serious injury to Mrs. Morse, and injuring the horse, wagon and harness. It further appeared that on the morning of that day a train arrived at Jonesville, on the Vermont Central Railroad, containing a car loaded with pressed hay which was on fire. That, in order to prevent the entire destruction of the hay and car, and the spreading of the fire, the hay was thrown from the car by the railroad men, assisted by some of the inhabitants of the vicinity, and spread to a considerable extent over the space between the railroad track and the traveled track of the highway.

The plaintiff's evidence tended to show that the bales of hay were rolled down, and remained at the time of the accident close to, and some of them extending into the traveled path of the highway; that being blackened and partially burned, they presented an appearance calculated to frighten gentle horses passing that point; that the plaintiff's horse took fright and became unmanageable, in consequence of these bales of hay so situated, and that the accident was caused from the fright so taken, and without fault of the plaintiff's son, who was driving, and that the horse was gentle and safe. The evidence for the defendant tended to show that the horse's fright was not owing to the bales of hay.

The plaintiff offered evidence tending to show that the horses of other persons than plaintiff's, when passing said bales of hay, were frightened thereby. To this the defendant objected, and the court excluded it, to which no exception was taken. Subsequently two of the plaintiff's witnesses, in giving their testimony, stated (but not in answer to any question calling for the statement) that they separately passed along the highway in question, at the point where said hay was then lying, and that their horses were frightened by the said bales of hay. These statements were objected to by the defendant the moment they were uttered, and the court held them not admissible, and excluded them. To this no exception was taken by the plaintiff. These statements were not referred to in the charge, as the court did

Morse v. Richmond.

not regard them as in the case for the consideration of the. jury, and there was nothing in the case calling for a charge on this point.

The plaintiff requested the court to charge the jury, among other requests complied with, and relative to which no exception was taken, as follows : that, in determining the question whether or not the bales of hay, as they were situated, would naturally frighten horses, and whether or not the fright of the plaintiff's horse was caused by them, the jury might consider the testimony in respect to the effect of the hay on other horses. To the omission of the court to charge in accordance with the foregoing request the plaintiff excepted. Verdict for the defendant. The plaintiff made several other requests to charge, which the plaintiff's counsel claimed were not complied with, and saved exceptions, but as this court find they were all substantially complied with, it is not material that they should be stated.

*E. R. Hard*, for the plaintiff.

The fact that other horses than the plaintiff's were frightened by the bales of hay was proper to be considered by the jury in determining what frightened the plaintiff's horse. *Kent* v. *Lincoln*, 32 Vt., 591. And the plaintiff's right to have the testimony on this point submitted to the jury was not lost by his omission to except to the ruling of the court excluding the testimony when offered.

*E. J. Phelps*, for the defendant.

The plaintiff's fourth request, relative to the effect of the hay in question in frightening other horses, was properly disregarded by the court. There was no such evidence in the case. It had been excluded by the court, and had been thrust in by the witnesses, against the decision of the court and the objection of the defendants. And the judge expressly certifies that he did not regard it as in the case.

The opinion of the court was delivered by

STEELE, J. The witness, while testifying, made a statement which was instantly objected to and ruled out as inadmissible tes-

timony. The objection being taken as early as it could be, the testimony, in a legal sense, stood as if it had not been given. It stood precisely as it would if a question had been asked calling for it, and, on objection, the court had refused to permit the question to be answered. The testimony not being in the case, the other party was not at liberty to introduce proof to answer it. It would have been unwarrantable for the court to submit to the jury such testimony, not in the case, and which the other party had had no opportunity or occasion, under the ruling of the court, to contradict. The court properly refused to state to the jury the legal application of this proof which they had held inadmissible. Whether it was legally admissible is a question not before us, because no exception was taken to the ruling of the court rejecting it. The only exception was to the omission to charge as requested so far as the court did so omit. On all points, save the above, we think the charge substantially and in every material respect conformed to the requests.

The judgment of the county court is affirmed.