CHARLES C. WILLARD v. TOWN OF SHERBURNE.

*Bridge, Injury on. Highway. Notice. R. L. s. 3111,*
*Amended by Acts of 1882, No. 13. Evidence.*

1. In an action to recover for an injury caused by the insufficiency of a bridge while the plaintiff was walking on it at night, under a notice stating that, "my back and spine were injured and made lame for the whole length thereof, including neck, and my back was badly strained and made stiff, so much so that I have not been able to raise or move my head since the injury; * * * and I have suffered, and am still suffering, great pain in my head, * * * neck," etc., evidence is admissible to prove injury to the neck.

2. The Act of 1882, No. 13, has not changed the liability of towns for injuries caused by the insufficiency of bridges.

ACTION on the case for injuries claimed to have been received through the insufficiency of a bridge in the defendant town. Trial by jury, September Term, 1886, VEAZEY, J., presiding. Judgment for the plaintiff.

The plaintiff's testimony tended to show, that on the night of October 21, 1884, while he was walking over the defendant's bridge he hit his foot against a log on the west end of the bridge and fell over into the river, and thereby received the injuries complained of; and that the only guard on either side of the bridge was a log from eleven to thirteen inches in diameter. The defendant's evidence tended to show that the plaintiff did not fall off the bridge, but that he walked off a bank wall several feet north of the bridge; that the night was sufficiently light, so that the bridge could be seen.

The defendant requested the court to charge that the plaintiff could not recover if the bridge was sufficient as a structure to carry him safely; that the law did not give damages to the traveller where the injury resulted by reason of his falling off a bridge through want of a railing or muniment. But the court instructed the jury that the Act of 1882, No. 13, left the obli-

gation of the town as to the bridge as it was before that statute was passed; and that the town was bound to keep the bridge in sufficient condition as to its railings as well as to its strength.

*J. C. Baker*, for the defendant, cited R. L. s. 3111; *Nourse* v. *Victory*, 51 Vt. 275; *Perry* v. *Putney*, 52 Vt. 533.

*A. F. Walker* and *M. H. Goddard*, for the plaintiff, cited *Fassett* v. *Roxbury*, 55 Vt. 552; *Pratt* v. *Sherburne*, 53 Vt. 370, as to the sufficiency of the notice; and as to the liability of the town: *Swift* v. *Newbury*, 36 Vt. 355; *Drew* v. *Sutton*, 55 Vt. 586; *Bagley* v. *Ludlow*, 41 Vt. 434; *Glidden* v. *Reading*, 38 Vt. 52.

The opinion of the court was delivered by

ROWELL, J.   Testimony as to injury of plaintiff's neck was objected to because the notice did not sufficiently describe any injury to the neck.   The notice says: "My back and spine were injured and made lame for the whole length thereof, including neck, and my back was badly strained and made stiff, so much so that I have not been able to raise or move my head since the injury; * * * and I have suffered, and still am suffering, great pain in my head, brain, jaw, back, spine, neck," etc.   In all this the neck is designated as one place of injury, and the effect of the injury to the back, spine, *and* neck is described to be such that he has not been able to raise or move his head since the injury, and has suffered great pain in those parts; and the testimony incorporated into the exceptions shows that at the time of trial even, neither the part of the body injured, nor the extent and effect of the injury, could. be designated and described with much, if any, greater certainty than they were in the notice; and the notice was sufficient to let in the testimony objected to.

It is claimed that bridges must now be insufficient as structures in order to make towns liable for damages happening

thereon, and that an insufficiency as a highway merely is not enough. But we discover no intention on the part of the legislature to make any change in this respect, and think the law stands as it always has as far as bridges are concerned.

Judgment affirmed.