### L. F. HAWKES *vs.* THE TOWN OF CHESTER.

January Term, 1898.

Present: Ross, C. J., TAFT, ROWELL, TYLER, MUNSON and THOMPSON, JJ.

*Expressions of Suffering—Unresponsive Answer Stricken out—Charge must be Read as a Whole.*

The plaintiff was injured by breaking through a bridge, and, in an action for damages against the town, was permitted to show that immediately after the accident and while in the brook where he had fallen, he said that he was "terribly hurt."

Where the witness's answer goes beyond the scope of the question, and is stricken out by the court upon the request of the examiner, no exception is available.

A charge must be construed as a whole even though its propositions are stated independently, and where, so doing, there is not fair ground for saying that the jury were misled, there is no error.

CASE for injury through insufficiency of the defendant's bridge. Plea, general issue. Trial by jury at the May Term, 1897, Windsor County, *Start*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

The plaintiff's evidence tended to show that as he, in the exercise of due care, was driving over the bridge with a pair of horses and a wagon loaded with logs, the bridge, by reason of a decayed girder, gave way, precipitating the plaintiff and his team to the bed of the brook; that his head was bruised, one of his ribs fractured, and that he was still suffering from nervous prostration resulting from his injuries.

The defendant's evidence tended to show that the girder was new and on the outside entirely sound, that the town officers were not negligent in failing to discover the decay at the center, and that the plaintiff was not seriously injured.

*Waterman, Martin & Hitt* and *G. L. Fletcher* for the defendant.

The answers of the witnesses were inadmissible as amounting to statements by the plaintiff of the extent of his injury, or his opinion as to its severity. *Travelers' Insurance Co.* v. *Mosley*, 8 Wall. 397: 1 Greenl. Ev. § 102; *Bacon* v. *Charlton*, 7 Cush. 586; *Lund* v. *Tyngsborough*, 9 Cush. 41.

There was error in the charge, because it stated an erroneous rule of liability for the defendant in one paragraph, without qualification or reference to any other part of the charge. The error was not cured by stating the rule correctly in a succeeding paragraph, for the two propositions were not brought together nor the inconsistency explained, even when the attention of the court was specially directed thereto by exception. *Brown* v. *Mt. Holly*, 69 Vt. 364; *Mullen* v. *Rutland*, 55 Vt. 77; *Prindle* v. *Fletcher*, 39 Vt. 255; *Campbell* v. *Fairhaven*, 54 Vt. 336.

*L. M. Read* for the plaintiff.

ROWELL, J. While the plaintiff and his team were yet in the brook where the falling of the bridge had precipitated them, a witness asked him if he was killed, and he said "No, but I am terribly hurt." Another witness testified that he

said he was "badly hurt." The question to the first witness was unwarrantably broad, as it called for anything the plaintiff said when the witness first saw him there; but the answer did not go beyond permissible bounds, as it contained nothing but a relevant expression by the plaintiff as to his then present bodily condition in respect of injury. And the testimony of the other witness is to the same effect.

The defendant claims that as the statements indicated the extent of the plaintiff's injury, they were inadmissible, and cites, among other cases, *Traveller's Insurance Company* v. *Mosley*, 8 Wall. 397, in support of the claim. But that case is the other way. It was assumpsit on an accident policy, and it was shown that the intestate said he had fallen down the back stairs and almost killed himself; that he had fallen down the back stairs and hurt himself very badly. It was held that those statements contained nothing in the nature of narration, but related to the then present bodily condition of the intestate in respect of pain and injury, and therefore were admissible to show that condition. This is certainly as strong a case as that, if not stronger, for the admission of the declarations. There is no doubt about the rule, it is only a question of its application.

Another witness went beyond the scope of a proper question and stated inadmissible matter as to what the plaintiff said; whereupon, exception being taken, the examining counsel asked to have the statement stricken out, which the court ordered, and told the jury not to consider it. This cured the matter. *Morse* v. *Richmond*, 42 Vt. 539.

The case has been treated throughout as one of latent defect in the bridge in question. The defendant complains of the charge, for that it makes the town an insurer, as it states without qualification, it is claimed, that it was its duty to maintain the bridge of sufficient strength to sustain the plaintiff's carriage with a load not exceeding ten thousand pounds in weight, and that if it was in fault in this respect, and the plaintiff sustained damage by reason

thereof, without contributory negligence on his part, he was entitled to recover.    If this was all the court said on the subject, viewing the case as one of latent defect, it was error.    But when we look at the whole charge, as we must —*Fassett* v. *Roxbury*, 55 Vt. 555; *Melendy* v. *Bradford*, 56 Vt. 155—there is no fair ground for saying that the jury was misled by it, for the court went on to charge concerning the defendant's duty to inspect the bridge, and the consequences of its neglect in that regard, and then said that if it exercised the requisite degree of care in that behalf, and failed to discover the defect in season to remedy it, it was not liable.

*Judgment affirmed.*