JESSIE C. LYNDS *v.* TOWN OF PLYMOUTH.

January Term, 1901.

Present: TAFT, C. J., ROWELL, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed July 22, 1901.

*Province of the court as to matters of fact*—It was proper for the trial court to rule that a structure in question was "a broken down bridge" when the testimony relied on by both parties permitted no other conclusion.

*Evidence—Descriptive facts*—The testimony of witnesses as to what befell them in driving over a broken bridge may tend to show its condition and the character of the place.

*Introduction of evidence—Question proper but answer in part irresponsive and improper*—In answer to an inquiry as to what condition a bridge was in a witness replied "it was broken down—unsafe." As the question was proper, error can not be predicated upon the part of the answer which was not responsive.

*Introduction of evidence—When cross-examiner is not bound by answer*—A party is not bound by answers elicited on cross-examination, unless such cross-examination is upon irrelevant or collateral matters.

*Practice in the Supreme Court*—Questions not raised below will not be considered in the Supreme Court.

*Exceptions*—An exception to the charge as given upon a point is not available to raise the question of error in failing to charge.

*Liability of towns for damages—Evidence under notice—Notice under V. S. 3493*—One claiming to have been thrown from her wagon and to have received injuries in consequence of the insufficiency of a highway bridge said, in giving written notice to the town, "the back of my head was injured by striking thereon, with resultant shock, and in consequence of said injuries have been unable to labor." The notice was sufficiently definite, in respect to an injury to the head, to afford ground of recovery in a proper action, and to make admissible testimony that the plaintiff's head was bloody and bruised, and that, from the time of the alleged injury to the time of the trial, the plaintiff had been subject to head-aches.

*Charge*—A refusal to comply with a sound request is harmless if the finding of the jury, under proper instruction, negatives the claimed facts to which alone the request is applicable.

CASE for injuries received on a highway bridge or culvert. Trial by jury, Windsor County, December Term, 1899, *Tyler, J.,* presiding.    Verdict and judgment for the plaintiff.    The defendant excepted.

The witnesses Tarbell, Wilson, Green, the Slacks and the Hubbards, referred to in the opinion, testified to accidents that had befallen them in driving over the bridge in question.

*Gilbert A. Davis* and *Edward R. Buck* for the plaintiff.

*William E. Johnson, William W. Stickney* and *John G. Sargent* for the defendant.

TAFT, C. J.    Eight questions reserved upon trial have been argued by the defendant's counsel.

I.    The defendant claims that the structure where the accident happened was not a bridge.    The court ruled that it was a "broken down bridge" and to this ruling the defendant

excepted. In the notice to the town it is termed a "small bridge, otherwise called a culvert" and according to the lexicographers it might well in its original condition have been called either. The defendant claimed that the question whether it was a bridge or not should have been submitted to the jury, and so it should have been, had the testimony as to its character been in dispute—but the condition of the structure was shown by the testimony of one Moore and both parties claimed his testimony was true, and from it one can only come to the conclusion that he very accurately and fully described what, the court was correct in saying, was a "broken down bridge."

II. The testimony of Tarbell, Wilson, Green, the Slacks, and the Hubbards was admissible. The witnesses passed over the broken bridge and their testimony tended to show its condition. It was descriptive of the place of the accident. The case of *Walker* v. *Westfield,* 39 Vt. 246, is full authority upon this point.

III. An additional objection was made to the testimony of Ebenezer Slack upon the ground that in answer to the question "What condition was it (the bridge) in?" he stated it was broken in, "unsafe;" and it is claimed that stating it was unsafe was in effect giving his opinion as to the sufficiency of the bridge. We do not find upon the record any reference to this question, but if it was reserved there was no error. The question was proper, but the answer was not responsive. Error cannot be predicated upon an improper answer to a proper question. *Morse* v. *Richmond,* 42 Vt. 539; *Houston* v. *Russell,* 52 Vt. 110; *Frary* v. *Gusha,* 59 Vt. 257; *Lawrence* v. *Graves,* 60 Vt. 657; *Hawks* v. *Chester,* 70 Vt. 273.

IV. Bertha Manning was called as a witness by the defendant and testified in chief that soon after the accident the plaintiff told her that in going down the hill towards the bridge, the harness broke, and the horse ran down the hill—

these admissions tending to show that the accident took place south of and not at, the bridge.    On cross-examination the witness stated that a few minutes after the above conversation the plaintiff told her that her (plaintiff's) folks had forbidden her driving the horse or having anything to do with it at all. The plaintiff was permitted, under exception, to deny that she so told the witness Manning.    Was this action of the court erroneous?    The defendant claims that the testimony was put into the case by the plaintiff and therefore she could not contradict it by independent proof.    It does not appear but that the testimony was given in answer to questions properly put in cross-examination.    The fact seemed to have been treated as pertinent and not collateral.    We infer it bore upon the character of the horse or the skill of the driver.    A party may put almost any question which he considers important to test the accuracy or veracity of a witness,—*Stevens* v. *Beach,* 12 Vt. 585,—and if the answer is not of a collateral fact the party may contradict it.    We do not construe the exceptions as showing that the plaintiff was not in the strict line of cross-examination.    The rule applicable is stated thus, "When a party, in cross-examination of a witness, asks irrelevant questions or examines him as to collateral matters, he is bound by the answers that the witness may give, but when the examination is relevant the party is not thus bound."    *Fairchild* v. *Life Assn.* 51 Vt. 613.    The testimony was properly admitted.

V.    The defendant claims that the defect causing the accident was the want of a railing and not the insufficiency stated in the notice.    This question was not made below, neither does it appear that there was no railing.    The exception cannot be sustained.

VI.    The plaintiff gave notice to the defendant that she was thrown from her wagon, and that, using the words of the notice "the back of my head was injured by striking thereon,

with resultant shock, and in consequence of said injuries have been unable to labor." The defendant insists it was error to admit under such a notice testimony "that the plaintiff's head was bloody, and that there was a bruise and a bunch on the back side of her head, and that from the time of the accident to the time of the trial she had been subject to headaches" and argues that such indefinite words afford no ground for recovery. The statute is that in case of accidents of the kind in question "if bodily injuries be claimed, the part of the body injured shall be given, together with the extent and effect of the injury upon the health of the person so injured." In the case before us the part of the body injured, viz., the back of the head, and the injury, i. e. "by striking thereon" were given, and under this notice the testimony referred to was properly admitted. Several cases are cited by the defendant in support of its claim upon this question but our ruling here is in accord with principle and the adjudged cases of *Perry* v. *Putney,* 52 Vt. 536, and *Willard* v. *Sherburne,* 59 Vt. 361.

VII. The court were requested to charge that if the road where the injury happened was a highway, only by adoption or recognition, the town was liable for an injury upon the culvert or approaches only in that part of the road which the town had recogniezed and adopted and not outside of it. This as an abstract proposition may be correct and might have been applicable had the injury happened where the defendant claimed it did—several rods south of the broken bridge. No question seems to have been made about the liability of the town in that respect if the accident took place at the culvert, where the plaintiff claimed it did. The plaintiff's testimony tended to show that the horse did not go out of the traveled track of the road at the culvert; and the defendant's testimony did not tend to contradict this—provided the accident happened at the bridge, and upon this branch of the case the charge was satis-

factory, and the jury were instructed that if they failed to find that the accident and the injury occurred at the bridge the plaintiff could not recover under her notice and declaration. If there was therefore occasion to comply with the request the finding of the jury rendered the error harmless.

VIII.   The defendant introduced testimony to show statements by the plaintiff made out of court inconsistent with her testimony given in court and the court charged with reference to such statements.   The defendant now insists that the court should have gone further and explained what certain expressions meant, but points out no error in the charge as given—but as the exception was to the charge as given—any shortage in the charge will not be considered.   Had any valid one been pointed out no doubt it would have been rectified at once.

*The judgment is affirmed.*