M. A. BUNDY *v.* W. SHELTON SWALLOW COMPANY, AND TRUSTEES.

October Term, 1917.

Present:   WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed February 12, 1918.

*Exceptions—When Without Basis—County Court Rule 31—*
*Motion for Further Examinations of Trustees after Judg-*
*ment on Disclosure—Discretion of Court.*

An exception to a ruling that plaintiff was entitled to recover upon a
contract for certain construction without having furnished bonds,
is without even color of basis when the contract contains no such
requirement.

An exception not noted by the court at the time of making the decision
is unavailing, under County Court Rule 31.

A motion made by defendant for the further examination of trustees,
after judgment has been rendered upon their disclosures, is in
effect a motion to vacate the judgment against them and to hear
further the questions involved therein, and is addressed to the dis-
cretion of the trial court; and when it does not appear that there
was an abuse of the discretion as exercised, the decision overruling
the motion will not be disturbed in Supreme Court.

CONTRACT.   Heard by the presiding judge on a point of law
arising on the assessment of damages by the clerk, and on the
disclosure of the trustees, in vacation after the September Term,
1916, Chittenden County, *Waterman, J.,* presiding.   Judgment
affirming the assessment and holding the trustees liable on their
disclosures.   Defendant   claimed   an   exception.   The   opinion
states the case.

*Max L. Powell* for defendant.

*Sherman R. Moulton* for plaintiff.

WATSON, C. J.   At the September Term, 1916, of Chitten-
den County court, judgment was entered for plaintiff by agree-
ment of counsel, the clerk to assess damages.   On the question of

assessment before the clerk, a point of law was raised by defendant as to whether the plaintiff was entitled to recover without showing that he had furnished bonds. This question was ruled against the contention of the defendant by the clerk, and by him referred to the court. The court sustained the ruling of the clerk in this respect. There is some doubt as to there being any available exception covering this question, but assuming that there is, the exception is without even color of basis, for the contract between the plaintiff and the defendant has no such requirement.

Judgment against the trustees on their written disclosure was rendered in vacation after the said September Term, the judgment order being filed March 20, 1917. No exception thereto was taken by the defendant until May 23, 1917, sixty-four days later. This exception was not noted by the court at the time of making the decision, and consequently is unavailing, under Rule 31, of the county courts.

The defendant moved the court for further examination of the trustees in accordance with sections 1687 and 1689 of the Public Statutes, and for an opportunity to be heard, claiming the right thus to examine the trustees; also claiming that the disclosure of the trustees was insufficient on which to base a judgment, and that at the time of the service of process upon the trustees, there was, according to the disclosure, nothing due the defendant from them. Defendant further claimed that an oral agreement was entered into between the counsel for the trustees and counsel for the plaintiff, whereby formal disclosure was waived, and counsel for the plaintiff accepted the oral disclosure of the trustees as made at that time, it being to the effect that there was sufficient amount in their hands to pay the plaintiff's claim. The written disclosure was filed later. The court refused to grant the motion and allowed the judgment and assessment to stand, granting defendant an exception. In effect the motion was to vacate the judgment against the trustees and to hear further the questions involved therein. This was addressed to the discretion of the court, and it not appearing that there was an abuse of the discretion as exercised, the decision overruling the motion will not be disturbed by this Court. *Mutual Life Ins. Co.* v. *Foster,* 88 Vt. 503, 93 Atl. 258.

*Judgment affirmed.*