### STEPHEN MORGAN v. JOHN A. GOULD ET AL.

November Term, 1922.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed January 4, 1923.

*Judgment—Entry "With Court"—Authority of County Court in Vacation—When Entry ·Not Final—Judgment Merely Affirming Award of Commissioner of Industries Insufficient —What Judgment Entry Should Show—Effect of Entry Intended as Preliminary Memorandum—Authority Conferred by Entry "With Court"—Necessity of Appropriate Exception—What Record Must Show—General Exceptions—Master· and Servant—Independent Contractor—Exception to Findings Cannot Be Used as Exception to Failure to Find —Matters Reached by Exceptions to Judgment.*

1. Since the enactment of No. 35, Acts of 1898 (G. L. 1607), authorizing judgments of the county court in vacation, an entry "with court," made by such court on the last day of the term is effective without the consent of the parties, although the authority and jurisdiction of that court in vacation is only what the statute gives it.

2. On appeal from an award of the Commissioners of Industries, an entry made by the county court on the last day of the term, when findings had neither been made nor filed, "Judgment that award of the Commissioner of Industries is affirmed with costs. With court," was obviously not intended as a final entry, for it did not forecast a valid judgment, because a judgment merely affirming the award of such commissioner would be wrong, as the latter cannot enforce his own awards or orders, but they are to be enforced through the county court.

3. The judgment of a court should show by its own terms what the rights of the parties are as juridically determined.

4. Where a county court, on appeal from an award of the commissioner of industries, made the entry, "Judgment that award of Commissioner of Industries is affirmed with costs. With court," intending such entry merely as a preliminary memo-

randum, the judgment ordered was of no practical force or effect and should be disregarded, and the entry "with court" authorized the court to complete the record in vacation, by filing its finding and rendering such judgment as was required.

5. The Supreme Court on review will only consider a question brought before it by appropriate exception, which implies such an exception as reasonably indicated to the trial court the fault found with his ruling, and did not leave that court in ignorance of the precise ground on which it was predicated.

6. The excepting party must produce in the Supreme Court a record showing that an appropriate exception was saved to the ruling concerning which error is claimed.

7. Where a number of requests for findings had been made, and the exception taken to the denial of, such requests was general, upon the ground that said requests were founded upon the undisputed evidence, if any request was properly denied the ruling was without error.

8. The fact that a person who cut lumber for a corporation was paid by the thousand feet, was evidence tending to show that he was an independent contractor and not any employee.

9. An exception to the findings made by a court cannot be used as an exception to the failure of the court to make findings.

10. Although an exception to a judgment reaches every question involved in the rendition thereof and necessary to its validity, it does not reach back of the findings, and hence does not present for review any question of the sufficiency of the evidence to support the findings, nor reach back to rulings on evidence or other trial errors, but the only question it raises is the sufficiency of the facts to support the particular judgment rendered.

APPEAL from an award of the commissioner of industries. Trial by the court at the September Term, 1921, Windham County, *Fish*, J., presiding. Judgment for claimant against defendant Gould and the insurer, and judgment in favor of defendant Vermont Marble Company.

The claimant excepted to the latter judgment, and defendant Gould and the insurer excepted to the failure of the court to

find as requested, to the findings as made, and to the judgment. The opinion states the case.   *Affirmed.*

*Orrin B. Hughes* for the claimant.

*Barber, Barber & Miller* for defendants Gould and the insurer.

*Lawrence, Stafford & Bloomer* for defendant Vermont Marble Company.

POWERS, J.   The defendants named appealed from an award of the commissioner of industries to the Windham County court, where the case was tried by the court at its September Term, 1921.   During that term, and on November 19, the court directed the following entry in the case: "Judgment that award of Commissioner of Industries is affirmed with costs. With court." None of the parties was then in court.   No findings were filed, and no exceptions were noted.   Later in the same day, the court took final adjournment.   Subsequently, the presiding judge submitted to counsel a proposed draft of the court's findings, and the appellants filed 16 requests for further findings.   On January 3, 1922, the findings of fact were duly filed, together with an order denying these requests and rendering judgment for the claimant against John Gould and the Travelers Insurance Company, and in favor of the Vermont Marble Company, which had been made a defendant.   This order contained a provision that it should be "in place and substitution of the order of judgment heretofore made in the case." Afterwards, exception to the judgment in favor of the Vermont Marble Company was allowed to the claimant, and exceptions to the denial of the 16 requests, to the findings as made, and to the judgment were allowed to Gould and the insurer.

An unusual and hazardous course was taken in making up the record for this Court (see *Bundy* v. *Swallow Co.*, 92 Vt. 193, 102 Atl. 1041), but the legality of it is not challenged, except as hereinafter shown, and we therefore give it no attention.

[1-3]   It is agreed that the only question before the court below was who, within the meaning of the Workmen's Compensation Law (G. L. 5752-5831), was the claimant's employer—

Gould or the Vermont Marble Company. It was decided below that Gould was such employer. The claimant insists that the judgment in favor of the Vermont Marble Company, which first appears in the order last filed is a nullity; that the judgment entered on November 19 was final and complete; and that the entry "with court," not being assented to, was of no force or effect. *Yatter* v. *Miller,* 61 Vt. 147, 17 Atl. 850, is relied upon by the claimant to support this position. But that case was decided before the enactment of No. 35, Acts of 1898 (G. L. 1607), wherein vacation judgments of the county court were provided for. Since the passage of this act, the entry "with the court" is effective without the consent of the parties. However, the authority and jurisdiction of that court in vacation is only what the statute gives it (*Barnes* v. *Albert,* 87 Vt. 251, 88 Atl. 815), and the effect of the first entry requires further consideration. That this was not intended as a final entry is apparent. It did not forecast a valid judgment. Johnson's Case (Mass.) 136 N. E. 563, in which case it is made plain by Chief Justice Rugg, that a judgment of the county court merely affirming the award of the commissioner of industries would be wrong. As there shown, the commissioner is not a court, but a mere administrative officer. He cannot enforce his own awards or orders. These are to be enforced through the county court. G. L. 5762. The judgment of a court should show by its own terms what the rights of the parties are as juridically determined.

[4] That this entry was only intended as a preliminary memorandum further appears from the fact that no findings had been made or filed, and the case was left with the court for the obvious purpose of enabling the court to complete the record in vacation by filing its findings and ordering such a judgment as those findings required. The first judgment order was of no practical force or effect. It was wholly superfluous and should be disregarded. The entry "with court" was sufficient to enable the court to do what it contemplated doing, and what it did do by the second judgment order.

This being the only contention made by the claimant in support of his exception, the latter is not sustained.

The defendant Gould and his insurer, the Travelers Insurance Company, stoutly maintain that on the undisputed testimony the Vermont Marble Company was the claimant's em-

ployer, within the meaning of the Workmen's Compensation Act, as defined in G. L. 5758; that the claimant not only may, but must, look beyond Gould, the man who hired him, paid him, and controlled him, to the real proprietor of the business then and there being carried on, and in the furtherance of which he was then and there engaged; such proprietor being, as it is said, the Vermont Marble Company. They admit that the judgment against them as rendered below is supported by the facts as found by the court, and that such findings are supported by evidence. But they say the findings are incomplete, and that their requests should have been granted; and that if their requests had been granted the findings would have compelled a judgment against the Vermont Marble Company.

[5, 6] The importance of the question which these defendants attempt to raise in the administration and application of the Compensation Act is manifest. But before we can consider it, it must be brought before us by an appropriate exception. And this implies such an exception as reasonably indicated to the trial court the fault they found with his ruling. No exception is "appropriate" that leaves that court in ignorance of the precise ground on which it is predicated. Not only that, but the excepting party must produce in this Court a record showing that such an exception was saved.

[7] The exceptions saved or attempted to be saved by these defendants were three in number, as follows: To the denial of their requests for additional findings; to the findings as made; and to the judgment.

As we have seen, their requests were sixteen in number. Their exception was a general one "to the denial of their requests for further findings of fact, upon the ground that said requests were founded upon the undisputed evidence in said cause." If, then, any one of these was properly denied, the ruling was without error. It was so held in *Rugg* v. *Degnan,* 96 Vt. 175, 118 Atl. 588. Such exceptions were characterized *In re Bean's Will,* 85 Vt. 452, 82 Atl. 734, as exceptions in the "common counts." Elsewhere they are spoken of as exceptions "in gross." *Southern Indiana R. Co.* v. *Harrell,* 161 Ind. 689, 68 N. E. 262, 63 L. R. A. 460. They are inadequate and inappropriate.

That one or more of the requests under consideration was properly denied is inferentially admitted by the brief, wherein it is stated that these requests ''were practically all founded ·upon uncontradicted evidence,'' and that ''in only one or two instances was there any other or contradicted evidence.''

[8]   But we need not put our decision on this admission. It is argued that the request numbered 13, that ''John A. Gould, on the date of the injury to the claimant Morgan, was an employee of the Vermont Marble Company in the works aforesaid,'' was supported by uncontradicted evidence.   The transcript does not bear out this claim.   Whatever effect the fact might have on the legal rights of the parties—of which we now say nothing— there was evidence tending to show that Gould was an independent contractor and not an employee.   The fact that he was paid by the thousand was such evidence.   *Kelley's Dependents* v. *Hoosac Lumber Co.*, 95 Vt. 50, 113 Atl. 818.   Here, then, is a request that was properly denied, and is enough to render the whole exception unavailing.

[9]   The exception to the findings was put in the court below upon the ground ''that they are not in accordance with and supported by the evidence in said cause, but are against the weight of said evidence.''   In this Court it is said that ''the findings as filed are excepted to because they do not contain the findings requested.''   But this is attempting to use an exception to the findings as an exception to the failure to find, which cannot be done.   It is like an exception to a charge as given, which is not available to raise the question of error in a failure to charge.   *Lynds* v. *Plymouth*, 73 Vt. 216, 50 Atl. 1083; *Lang* v. *Clark*, 85 Vt. 222, 81 Atl. 625.   And conversely, an exception to the refusal to charge, will not reach an error in the charge as given.   *De Nottbeck* v. *Chapman*, 93 Vt. 378, 108 Atl. 338.

[10]   Nor can their exception to the judgment be availed of to raise the question they seek to get before us.   Such an exception, to be sure, reaches every question involved in the rendition of the judgment and necessary to its validity.   *Eddy & Co.* v. *Field*, 85 Vt. 188, 81 Atl. 249.   But it does not reach back of the findings.   It does not, for instance, present for review any question of the sufficiency of the evidence to support the findings. *Wolcott* v. *Mongeon*, 88 Vt. 361, 92 Atl. 457.   It does not reach back to rulings on evidence or other trial errors.   The only ques-

tion it raises is the sufficiency of the facts to support the particular judgment rendered. *Farrant* v. *Bates*, 60 Vt. 37, 11 Atl. 693; *Baker* v. *Sherman*, 73 Vt. 26, 50 Atl. 633; *Valiquette* v. *Clark Bros. Coal Mining Co.*, 83 Vt. 538, 77 Atl. 869, 34 L. R. A. (N. S.) 440, 138 A. S. R. 1104. It being admitted that the facts found are sufficient to support the very judgment rendered, this exception is unavailing.

*Judgment affirmed.*