ELIZABETH VON HESSE ET AL. *v.* GEORGE TINDALL.

(63 A2d 197)

Special Term at Rutland, November, 1948.

Present: MOULTON, C. J., BUTTLES, JEFFORDS and CLEARY, JJ., and ADAMS, Supr. J.

Opinion filed January 5, 1949.

*Angelo J. Spero* for the defendant.

*Bloomer & Bloomer* for the plaintiffs.

MOULTON, C. J.   The plaintiffs own a dairy farm in the town of Benson and the defendant was employed by them to manage and operate it. This action has been brought to recover damages claimed to have been sustained by his negligent and improper care and feeding of the cattle, resulting in the introduction of the disease of mastitis among them. The trial below was by jury with verdict for the plaintiffs. Only one exception has been briefed and argued on behalf of the defendant.

At the close of the charge to the jury the defendant's counsel orally requested an instruction as to the law of contributory negligence, which had not been mentioned in the charge as given. The presiding judge expressed his opinion that no such issue was in the case, and counsel said that all he wanted was an instruction as to the general rule. After some discussion the judge inquired whether he desired an instruction upon the subject as applied to the particular facts of the case, and counsel answered "no." The request was refused, and an exception taken to the failure to charge the general principles of contributory negligence.

■ Here was no error. We are not called upon to examine the transcript for the purpose of determining whether the evidence was such as to raise the issue. All that was asked was a statement of an abstract proposition of law and any explanation of its applicability to the case on trial was expressly disclaimed. Instructions of this nature are condemned because they are quite as apt to confuse the jury as to clarify their minds with regard to the legal aspects of the case. The defendant was not entitled to a compliance with his request and it was properly refused. *In re Estate of Brown,* 114 Vt 380, 382, 45 A2d 568; *Russell* v. *Pilger,* 113 Vt 537, 540, 37 A2d 403; *Johnson* v. *Moore,* 109 Vt 282, 287, 196 A 246; *Green* v. *Stockwell,* 87 Vt 459, 464, 89 A 870; *Mason* v. *Silver,* 1 Aik 367, 369. See also *Hartley* v. *Newark Morning Ledger Co.,* 134 NLJ 217, 46 A2d 777, 779; *Laukaitis* v. *Klikna,* 104 Conn 355, 132 A 913, 915.

*Judgment affirmed.*