## Aaron D. Levey v. Judson B. Hall

[120 A2d 568]

Special Term at Rutland, November, 1955.

Present: **Jeffords, C. J., Cleary, Adams, Chase and Hulburd, JJ.**

Opinion Filed February 7, 1956.

*A. Luke Crispe* for the defendant.

*Fitts & Olson* for the plaintiff.

**Hulburd, J.** This is an action of tort arising out of a multiple-car accident occurring September 4, 1953 on Route 5 north of Bellows Falls, Vermont. The plaintiff was operating the fourth car in a succession of six motor vehicles following one another at varying intervals. All were proceeding northerly on the down-grade side of a hill which they had previously come over. When the automobile at the head of the line stopped before making a left turn, to allow traffic coming from the opposite direction to go by, the plaintiff was caught in the middle: he was unable to stop in time to avoid coming in contact with the vehicle ahead of him, and behind him, a few moments later, the sixth car in the line, which was defendant Hall's, collided from behind with the car ahead of it and shoved it into the rear of the plaintiff's car.

The plaintiff brought two suits. He sued both ends of the line. He sued Ernest Parsons, the driver of the foremost car, alleging that he was negligent in the way he stopped and turned, and he sued defendant Hall, the driver of the rear car, claiming him negligent because of his failure to stop.

Confronted with this melange of vehicles, the court below, perhaps with more valor than discretion, proceeded to try the two cases together. The trial resulted in a defendant's verdict for Parsons, operator of the leading car, and a

plaintiff's verdict against Hall, operator of the rear car. This case is here on defendant Hall's exceptions.

The first exception briefed for our consideration was to the trial court's refusal to direct a verdict for defendant Hall, the ground of the motion being that there was no competent evidence against Hall by which the jury could lawfully assess damages without speculation. In order to deal properly with this exception, it is necessary to have before us a complete picture of a rather involved situation, taking the evidence in the light most favorable to the plaintiff.

As we have already indicated, the plaintiff was the operator of the fourth automobile in a line of six vehicles. As the cars moved along just north of Bellows Falls, they came in turn to a knoll which they first went up and then down. The down-hill side, of course, was not visible until the top of the hill had been reached. From there one driving northward could see ahead for about a thousand feet. At a point about 600-650 feet from the brow of the hill, there was an intersection with a dirt road going off to the left. It was to a point on this dirt road which the leading car (car No. 1) driven by one Parsons was proceeding. Parsons, it must be remembered, was the defendant in the other case being tried with this one. As he approached the intersection, he met, coming from the opposite direction, two trucks and a passenger car. He had to wait for them to go by before he could make his turn to the left. There was evidence that he did and that he didn't signal his approaching stop and turn. In any event, following Parsons (car No. 1) was a Mr. Vaudrian (car No. 2) who was operating a small bus. At the point of the turn, Vaudrian (car No. 2) was only ten to fifteen feet behind Parsons (car No. 1). When Vaudrian "first spotted him" he might have been 40 feet behind him. Vaudrian's story is well summarized in his words: "We were doing a lot of talking in the bus. As I remember I came upon him; he hit his brakes and I stopped." Vaudrian managed to come to rest without hitting the Parsons' car ahead of him. In the process, however, he stalled his motor. No accident had occurred up to this point and Parsons, having paused sufficiently to let the on-coming traffic by, made his left turn and

proceeded on his way. After Vaudrian stalled his motor, for some reason not entirely clear on the evidence, he "turned" to open his front door to get out. Directly behind Vaudrian was car No. 3, driven by a Mr. Barton. When Vaudrian stopped, of course car No. 3 had to stop also and this it did successfully. Behind Barton was the plaintiff (car No. 4). He, in turn, had to stop when the line ahead of him did, but the plaintiff was unable to arrest his foreward motion without coming in contact with the Barton car's rear. Just how hard that contact was, was perhaps, the most hotly contested point in the case. It became a question of whether it was contact or crash. There was evidence that the force was such as to push the Barton car (No. 3) ahead eight feet into the bus (No. 2), tearing its front seat, breaking the front grille, both fenders, headlights, as well as muffler and whole rear end, and doing all the damage that was done that day to the plaintiff's car (No. 4) and the Barton car (No. 3). But taking the evidence in the light most favorable to the plaintiff this was not true, the contact being a very slight and harmless touch which resulted in no damage.

Vaudrian (car No. 2) at the time of the first collision was, as we have stated, just getting out of his bus. Following this collision he got out to get a block to put under the wheel of his bus. Meanwhile further trouble was in the making. From over the hill successively came car No. 5 driven by a Mr. Kane and car No. 6 driven by defendant Hall. Vaudrian had just time to walk "the length of the court room" and was just picking up his block when he heard a second crash. Dedenfant Hall had run into the rear of the Kane car (No. 5) when it stopped behind the plaintiff. The force of the collision shoved the Kane car into the rear of the plaintiff's vehicle and as the plaintiff testified, did all the damage which his car sustained that day as well as inflicting a "whiplash" injury to his neck of which he was unaware at the time but later discovered he had received.

Defendant Hall's testimony was to the effect that when he came up over the knoll at about 40 miles per hour and got where he could look down the hill, he saw a slow-moving truck coming up the hill with a man motioning with his hand.

What he was trying to do as it turned out was to warn Kane and Hall to slow down. The unusual sight of a man motioning from a running board distracted Hall and he failed to notice in time that Kane was stopping. As a result Hall collided with the rear of the Kane car, pushing it ahead as stated.

On this state of the evidence, defendant Hall moved for a directed verdict, not on the conventional ground that there was no evidence tending to show that he was negligent, but for the reason that as the evidence stood, the jury could not assess damages without speculation. There was included also the further ground that the evidence showed that the plaintiff was guilty of contributory negligence as a matter of law.

The defendant's argument on the first point comes to this: there were two accidents, two collisions, which might have caused the damage. There was no time after the first crash to get out and see what had been done; that as a result, the jury were being asked to speculate and arrive at damages without any reasonable certainty as to who caused them. If this were so the defendant's position would be well taken. See 25 CJS Damages, par. 27.

■ The trouble with the defendant's argument is that the plaintiff's testimony was to the effect that the first collision was only a slight contact. The jury had a right to infer from it that all that took place was the sort of harmless bump which one might give the bumper of the car ahead in getting into or out of a parking space. To be sure there was strong evidence to the contrary, but this did not alter matters for on the motion the evidence had to be viewed in the light most favorable to the plaintiff. The situation was a typical one in which the evidence was conflicting and was for the jury. *Hopkins* v. *Veo*, 98 Vt 433, 435, 129 A 157.

■ ■ On the motion for a directed verdict, the court was dealing with the tendency of the evidence and not its weight. *Higgins, Admr.* v. *Metzger*, 101 Vt 285, 293, 143 A 394. For the same reason, in this situation the court could not rule as a matter of law that negligence on the part of the plaintiff contributed to the accident. It was for the jury

to resolve all opposing inferences and to determine the questions of fact under proper instructions from the court.

This brings us to the second exception which the defendant has briefed, namely, to the court's failure to charge that "defendant Hall was not liable for any damages or personal injuries to the plaintiff which happened before the collision in which Hall was involved."

■ Certain it is that negligence cannot reach forward; its consequences flow from or *after* its occurrence. What has already resulted because of some one else's act can not be charged to him who comes on the scene thereafter. In a loose sense of the word, one cannot "inherit" liability for prior damages in this way.

■ It must be kept in mind that this case, and the companion case against defendant Parsons, were submitted to the jury together. It became, therefore, the court's duty to instruct fully and accurately as to each and to point out clearly to which case the various instructions were applicable and in what contingencies. It was as important to indicate the right party as to give the right charge. Among other things the court instructed the jury that "there may be more than one proximate cause in the case of an automobile collision." The court went on to state that where this is so "that each defendant is responsible for the *entire* result and may be sued jointly or severally at the election of the party injured." It is obvious that abstract instructions to this effect were bound to lead the jury awry, unless other instructions confined their application to the proper defendant. If defendant Parsons were found liable, he might or might not be found responsible for the damage done in both collisions depending on how the jury disposed of the question of intervening cause. Defendant Hall, on the other hand, under no possible circumstances, could be held responsible for any damage done before he came on the scene. In short, defendant Parsons conceivably could be held responsible for the damage of *both* collisions, but defendant Hall only for that of the second impact.

The instructions disclose that near the outset the court had told the jury, "Unless I state otherwise these instructions are for your guidance in both Levey v. Parsons and Levey v. Hall."

The plaintiff does not claim that the court, at the time of giving the instructions first quoted, limited them in their application to a single defendant. He points, however, to the following excerpt from the instructions which, he says, prevented any misapprehension on the jury's part:

"You must not speculate. You must not allocate damages in a manner not supported by any of the evidence, or if the plaintiff has failed to establish any damages against one or both of the defendants by the requisite measure of proof, you must find that defendant not guilty even if you find him guilty of actionable negligence. On the other hand the plaintiff is entitled against any defendant you find guilty under this charge to all damages he properly establishes against that defendant from the facts as you find them to be."

■ We do not think that this instruction, nor any other given, cleared up the situation. It allowed the jury to bring in a verdict against "any defendant you find guilty *under this charge.*" This expression threw the jury back to the charge previously given. In view of the fact that the question of which of the two impacts caused the damage, or most of it, was the most bitterly contested point in the case, defendant Hall was entitled to have an instruction which left the jury free from doubt as to his non-liability for any damages which they might find had occurred before he came on the scene. The jury were not confronted with the problem which the defendant Hall had raised. He was entitled to have a charge based on the case he was attempting to make. *Morse* v. *Ward*, 102 Vt 433, 436, 150 A 132; *Clark* v. *Tabor*, 28 Vt 222, 226; *Hazard* v. *Smith*, 21 Vt 123, 129.

■ When the court came to charge specifically on damages relating to the plaintiff's automobile, it merely stated as follows: "The plaintiff seeks to recover here for the

value of his car as it was damaged in the accident. The measure of damages in such a case is the difference in value of the car immediately before the accident and its value immediately after the accident. That is the measure which you are to apply in determining what damages the plaintiff is entitled in that respect." A conventional charge of this sort, without more, was inadequate and did not reach the essential problem raised by defendant Hall. In passing on the defendant's motion for a directed verdict we view the evidence in the light most favorable to the plaintiff, but in passing on the adequacy of the court's instructions there is no such requirement as the plaintiff seems to assume in his brief. On the contrary, it is as necessary that the court's instructions deal with evidence from the defendant's point of view as that of the plaintiff. The defendant's exception to the court's failure to charge under this exception must be sustained. *Whitney* v. *Lynde*, 16 Vt 579, 586.

The defendant excepted to the court's refusal to charge as follows:

"3. If you find that the plaintiff's automobile was damaged in a collision between his car and the Barton car, so-called, in one collision, and that subsequently another collision occurred when the defendant Hall collided with the defendant Kane, then on the basis of the evidence as it now stands, you cannot assess any damages against the defendant Hall for the reason that such assessment would be speculative in that there is no evidence in the case as to how much damage was caused when the plaintiff collided with Barton and no evidence in the case as to how much damage was caused when the defendant Hall collided with Kane."

"4. Unless you can ascertain from the evidence the damages which were caused by the defendant Hall, you cannot charge him with any damages if you find that the plaintiff's car was injured when it collided with the automobile operated by Mr. Barton."

"5. You cannot speculate as to the amount of damages which you allow the plaintiff. The evidence

must be clear as to who caused what damage, and if you are unable, through all the evidence, to ascertain the specific damage caused by the defendant Hall, then you cannot award the plaintiff any damages against this defendant, for to do so would be mere speculation."

■■ All three of the requests just quoted were properly refused. They embody binding charges which go too far. They disregard the plaintiff's own testimony. Even if that were rejected, one of the plaintiff's exhibits in the case was an itemized estimate which enumerated the various parts of the plaintiff's automobile and what it would cost to repair or replace them. Certainly the jury would be justified in finding that the damage to all parts on the rear of the plaintiff's automobile was done in the second collision when the plaintiff was struck from the rear. Merely because some elements of the plaintiff's damage may have been speculative did not mean he could not recover for such items as were fairly and reasonably supported by the evidence. The fact that a plaintiff may not be able to show the full extent of his injury does not bar him from recovering such damages as he has properly shown. 25 CJS Damages, par. 28. The instructions requested were so broad as to prevent the jury from finding in the plaintiff's favor those elements of damage which were not speculative. This made the requests at least in part unsound and their refusal proper. Compare *Packard* v. *Quesnel*, 112 Vt 175, 180, 22 A2d 164; *Stevens* v. *Nuremberg*, 117 Vt 525, 536, 97 A2d 250.

The court was further requested to charge as follows:

"6. If you find that the plaintiff collided with the Barton car with such force so that the injuries of which the plaintiff complains could have been caused at that time, you cannot bring in a verdict for him against the defendant Hall."

■ The court properly denied this request as presented. If it had read instead: If you find that the plaintiff collided with the Barton car with such force as to make it impossible

to say on all the evidence whether his injuries resulted therefrom or from the impact resulting from the collision of defendant Hall from behind,—we would have a different exception to consider. The defendant's request is based merely on what "could have been caused" by "such force." The mere fact that the injury "could have been caused" some other way did not bar the plaintiff if, in fact, the jury were satisfied on all the evidence that the injury was caused the way the plaintiff claimed it was.

The defendant excepted to the court's charge pertaining to intervening cause. It is enough to say that the defendant's exception as taken by him rests on his assertion that "from the evidence in this case it is clear that there were two separate accidents so as a matter of law the court should have so ruled." As we have brought out in considering the motion for a directed verdict, the evidence was such as to permit opposing inferences. The defendant's exception was not properly grounded and his exception in this regard is not sustained. Moreover, we may add that the defendant fails to point out just how he could be prejudiced by any inadequacy of instructions on the matter of intervening cause. Because defendant Parsons might be affected adversely would not mean that defendant Hall had suffered any harm.

Since our holding with respect to an earlier exception will necessitate a reversal, there would seem to be no point in considering the remainder of the defendant's exceptions. In the light of a new trial they may not develop at all, or may present an aspect so different from that at present as to make their consideration at this time useless.

▆ In our disposition of this case, we have considered whether justice could be achieved by reversing on the issue of damages only. Where, as here, the problem of damages is inseparably connected with matter involved in other issues, such a disposition obviously is inapplicable. *Rice's Admr.* v. *Press*, 117 Vt 442, 451, 94·A2d 397.

*Accordingly, that full justice may be done, the entry is judgment reversed and cause remanded.*