### State of Vermont v. James Murray

[186 A.2d 193]

September Term, 1962

Present: Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed November 7, 1962

*Peter F. Langrock,* State's Attorney, for the State.

*Reginald T. Abare* for the respondent.

**Barney, J.** This case was brought here from Addison County Court by the timely filing of a notice of appeal. It was conceded on argument that the questions sought to be presented were not based upon any objections or exceptions taken during the trial.

The respondent contends that the taking of an appeal preserved his right to question the sufficiency of the evidence to support the verdict. He further advances the proposition that, because there is a duty that the court charge correctly on all material issues, a charge can be questioned in that particular on appeal, although it went completely unchallenged below.

Recent cases have disposed of both of these questions adversely to the respondent. In *State* v. *Lumbra,* 122 Vt. 467, 177 A.2d 356, the respondent unsuccessfully attempted to have a verdict set aside by raising a question as to the lawfulness of evidence received at the trial without opposition. In *State* v. *Coburn,* 122 Vt. 102, 165 A.2d 349, it is made clear that error can be predicated on a failure to charge on an essential element of the case only if "the mistake was raised and brought to light at the trial." *State* v. *Coburn, supra,* 106.

Both of these decisions are examples of a long-standing principle of procedure, fundamental to the process of judicial review. Before any action taken by a court in the conduct of a trial can be held an error of law, it must be demonstrated that the questioned ruling was brought to the attention of the court in a manner that gave notice of the difficulty and the court given an opportunity for correction. Judge, later Chief Justice, Powers said that a question "must be brought before us by an appropriate exception. And this implies such an exception as reasonably indicated to the trial court the fault they found with his ruling. No exception is 'appropriate' that leaves that court in ignorance of the precise ground on which it is predicated." *Morgan* v. *Gould,* 96 Vt. 275, 279, 119 Atl. 517.

In 1959 the legislature passed what is now 12 V.S.A. §2381. As it states, the purpose of this section is to eliminate the necessity for formal exceptions. This refers to the former procedure by which it was necessary, somewhat in the manner of a ritual, to place on the record, after objection, a request for an exception and to see that the record showed that the request had been allowed, in order to preserve a question for review. See *Bundy* v. *Swallow,* 92 Vt. 193, 194, 102 Atl. 1041 ; *Underwood* v. *Cray,* 94 Vt. 58, 60, 108 Atl. 513 ; and *Morgan* v. *Gould, supra,* 96 Vt. 275, 279.

This elimination of formal exceptions did not affect the burden on the appealing party to show that the claimed error was brought

to the notice of the court below. On the contrary, this duty is expressly recognized by the following statutory language: ". . . but for all purposes for which an exception has heretofore been necessary, it is sufficient that a party, at the time of ruling or order is made or sought, objects to the action of the court, commission, board, agency or department or makes known the action which he desires it to take; . . ." 12 V.S.A. §2381. It is precisely here that the respondent fails to sustain his appeal.

*Judgment affirmed. Let execution be done.*