**Bessie L. Dodge v. Herbert C. and Mary E. McArthur**

[ 223 A.2d 453 ]

June Term, 1966

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed October 4, 1966

82

*Black, Wilson & Hoff* for plaintiff.

*Wick, Dinse & Allen* for defendants.

**Barney, J.** Trouble arose in this case over the concept of proximate cause. The lawsuit was generated by somewhat unusual facts. The defendants owned a large dog, known to be a hazard, partly because of its exuberant playfulness. When Mrs. McArthur, accompanied by her four-year-old daughter, Christine, brought the plaintiff to the defendants' home for a visit, the dog was loose in the yard. As the plaintiff and Christine got out of the car, the dog jumped up on the plaintiff, inflicting no harm, then jumped on the little girl. She was knocked down and rolled or slid beneath the car. There was ice and snow under foot, and the driveway was banked with snow. In response to Christine's predicament and outcries the plaintiff attempted to help the little girl from under the car and thereby suffered a back injury.

In its charge, the trial court expressly made foreseeability of this injury an ingredient of liability, and went on to say that foreseeability is essential to support a finding that the negligent acts of the defendants were the proximate cause of harm to the plaintiff.

Foresight of harm is fundamental to a finding of negligence, *Thompson* v. *Green Mtn. Power Co.,* 120 Vt. 478, 483, 144 A.2d 786, but anticipation of the precise injury is not a requirement. *Johnson* v. *Cone,* 112 Vt. 459, 28 A.2d 384. But it has been so long settled in this jurisdiction that proximate cause relates only to cause-in-fact, with no foreseeability required, that extended discussion is unnecessary. For a recent statement, see *Thompson* v. *Green Mtn. Power, supra,* 120 Vt. 478, 485-6, 144 A.2d 786.

Difficulty with the issue, in view of the facts of the case, was apparently anticipated by the plaintiff, since a memorandum of law on the subject was prepared and filed with the lower court before trial. At the close of the evidence the court and counsel had an extended colloquy on the subject. Although the trial court several times expressed the point of view that foreseeability ought to be treated as essential to proximate cause, it must be said that none of the discussion that took place on the record amounted to a declaration by the court that proximate cause was going to be charged in a particular way.

The plaintiff's apparent oversight compounded the problem, since no exception to the charge relating foreseeability to proximate cause was taken. It was afterwards raised by motion for a new trial, but denied. See *Packard* v. *Quesnel,* 112 Vt. 175, 179, 22 A.2d 164. Is the issue now forfeit? Under adversary procedures the advantage belonged to the other side. But this Court has held that the test is whether or not the trial court has been so alerted to the claimed error that it had a fair opportunity to correct itself if it chose. *State* v. *Murray,* 123 Vt. 232, 233-4, 186 A.2d 193.

Without a specific objection to the content of the charge as given, the issue is available only if the transcript indicates that the trier was so knowingly at odds with the complaining party's position that an objection would have been a superfluity. It is probable that such an interpretation can be justified here, in view of the extended comments as to its views made by the court. However, it is not crucial in this

instance, since a related aspect of the charge, to which objection was taken, raises the same issue.

Without the slightest suggestion to the jury as to what in the facts might justify its application, the court elected to charge the doctrine of intervening cause. The distinguishing characteristic of this concept is that it is one that, at some point, removes the "proximateness" of the original cause and itself becomes proximate. *Killary* v. *Chamber of Commerce,* 123 Vt. 256, 266, 186 A.2d 170. It may act as a mere limitation on a defendant's responsibility for the total consequences of an accident, or it may intervene ahead of any injury and become the responsible cause for all damage. *Levy* v. *Hall,* 119 Vt. 143, 148, 120 A.2d 568. But, as the cases point out, if the initial negligence creates a situation making it likely that some other force or action will occur and bring about harm, responsibility remains with the original actor. *Wright* v. *Shedd,* 122 Vt. 475, 479, 177 A.2d 240. It was important to relate the instruction to the factual situation, lest the jury go astray. *Levy* v. *Hall, supra.* Instructions of this kind, without explanation of their applicability, are condemned as tending to confuse and mislead. *Von Hesse* v. *Tindall,* 115 Vt. 414, 415, 63 A.2d 197.

When this shortcoming is augmented by the misstatement of the whole concept of proximate cause, the verdict in favor of the defendants becomes unsupportable. The instructions given were "an incomplete and incorrect statement of the issues material to a rightful decision." *Kinsley* v. *Willis,* 120 Vt. 103, 112, 132 A.2d 163. Reversal is required.

The plaintiff also complained that the court ruled that an ordinance relating to leashing certain dogs did not apply in this case. The court viewed the ordinance as applicable to dogs not on their own premises. It is apparent from the language of the ordinance that this interpretation was sound and was not error.

Some dispute also arose over the charging of the so-called "rescue" doctrine in this case. See *Wilford* v. *Salvucci,* 117 Vt. 495, 498, 95 A.2d 37. This doctrine is an extension of the general principle of negligence as foresight of harm. Was the potential conduct of the lively dog such that a reasonable man might anticipate that some of its actions toward a person or child might be an inducement for a person, acting reasonably, to feel an obligation to render assistance?

On a given state of facts, if the jury is amply instructed that this may be an aspect of foreseeability, encompassed within the duty alleged to have been breached, the charge may be sufficient without more. But the situation brought about by the defendant's negligence may, on occasion, create a need for rescue so demanding that it provokes action in the face of a known danger. In such a case, jury instructions must contain appropriate modifications, in favor of the rescuer, with respect to the application of the concepts of contributory negligence and assumption of risk. It seems doubtful that such a charge was needed on the facts developed in this trial. Whether a different situation will appear on retrial must await that event.

*Reversed and remanded.*