Donald J. COON, Plaintiff–Appellant,

v.

TOWN OF SPRINGFIELD, VT; Richard J. Ripchick; Tom Bishop; Mabel Bishop, Defendants,

Town of Springfield, VT, and Richard J. Ripchick, Defendants–Appellees.

Docket No. 02–7518.

United States Court of Appeals, Second Circuit.

Argued March 5, 2004.

Decided April 14, 2005.

Robert K. Dakis, John C. Spaccarotella, Seton Hall University School of Law, Center for Social Justice (Jon Romberg, on the brief), Newark, New Jersey, for Plaintiff–Appellant.

Joseph A. Farnham, McNeil, Leddy & Sheahan (Kevin J. Coyle, on the brief), Burlington, Vermont, for Defendants–Appellees.

Before: WALKER, Chief Judge, CARDAMONE, Circuit Judge, and GLEESON, District Judge.[1]

---

1. The Honorable John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.

GLEESON, District Judge.

Plaintiff Donald J. Coon, Jr., appeals from a judgment of the United States District Court for the District of Vermont (J. Garvan Murtha, then—*Chief Judge*) dismissing his federal civil rights claims upon a motion for summary judgment brought by defendants-appellees Richard J. Ripchick and the Town of Springfield.[2] On appeal, Coon contends principally that (1) the court erred when it ruled that Coon had failed to produce sufficient evidence to support his claim that Ripchick had made an unauthorized entry into Coon's home; and (2) 24 V.S.A. § 901 abrogates the rule that a municipality cannot be held vicariously liable under 42 U.S.C. § 1983 for the tortious conduct of its employees. We agree with the first argument but reject the second. Accordingly, the judgment is affirmed in part, reversed in part, and remanded.

## BACKGROUND

On May 9, 2001, Coon brought this action pursuant to 42 U.S.C. § 1983 against, among others, the Town of Springfield ("the Town") and Ripchick, the Town Constable, claiming that Ripchick's uninvited entry into Coon's apartment violated his Fourth Amendment right to be free from unreasonable searches and seizures. Coon claims that on April 12, 2001, Ripchick broke into Coon's Springfield apartment when no one was home to serve him with eviction papers, which Ripchick left on the kitchen floor. Coon alleges that he and his wife left their home at 10:10 a.m. and did not return until 2:00 p.m. Shortly after returning home, Coon's wife found the eviction papers on their kitchen floor. For his part, Ripchick admits that he went to Coon's apartment that day to serve the eviction papers on him, but asserts that

Coon was home, and that he personally served Coon with the documents at 10:42 a.m.

On April 16, 2002, the district court granted the Town's and Ripchick's motion for summary judgment on Coon's § 1983 claim. It concluded that Coon had not met his burden of demonstrating that Ripchick had made an unauthorized entry into the Coon apartment. Specifically, the court found that none of the evidence submitted by Coon demonstrated that Coon was not at home at the time Ripchick claims to have served him in person.

As for the claim against the Town, the court observed that *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), precludes holding the Town vicariously liable for the actions of its officers. Because Coon had produced no evidence of a municipal policy or custom that resulted in the alleged harm, or of any other involvement by the Town that would support municipal liability, the claim against the Town was dismissed.

Finally, the district court declined to retain supplemental jurisdiction over Coon's state law claims.

## DISCUSSION

### A. *The Standard of Review*

We review the district court's grant of defendants' motion for summary judgment *de novo. See, e.g., Brody v. Vill. of Port Chester,* 345 F.3d 103, 108 (2d Cir.2003). Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Id.* In determining whether a genuine issue of material fact exists, we draw all

---

**2.** Claims against defendants Tom and Mabel Bishop were voluntarily dismissed prior to

the district court's entry of judgment.

factual inferences and resolve all ambiguities in favor of Coon. *See, e.g., Richardson v. N.Y. State Dep't of Corr. Serv.,* 180 F.3d 426, 436 (2d Cir.1999).

### B. *The Claim Against Ripchick*

 To establish individual liability in a § 1983 action, a plaintiff must "show that [an] official, acting under color of state law, caused the deprivation of a federal right." *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Here, Coon contends that Ripchick violated his Fourth Amendment rights by making an unauthorized, warrantless entry into Coon's home to deposit eviction papers. The district court agreed that Coon's allegation, if proved, could establish a Fourth Amendment violation, but stated as follows: "The problem here is that the plaintiff has not met his burden of demonstrating *facts* [that] suggest that Ripchick actually made an unauthorized entry." (emphasis in original.)

We disagree, and hold that a genuine issue of material fact precludes an award of summary judgment to Ripchick. There is factual conflict at the heart of Coon's claim. Coon states that he was not home when Ripchick entered his house, without lawful authority, and left the eviction papers. Ripchick denies having entered Coon's home when Coon was not there, asserting instead that he personally served Coon at the home. In his submissions to the district court, Coon provided affidavits from himself and his wife stating that neither of them was home at the time Ripchick claims to have served the papers. Coon also submitted supporting documents, including several receipts and affidavits, that appear to establish that he and his wife had spent the morning running errands, then visited for a time with their son and daughter-in-law, before returning to their apartment around 2:00 p.m. Drawing all factual inferences in favor of Coon, and accepting his factual allegation that he was not home as true, he has produced sufficient evidence of his claim of a Fourth Amendment violation to survive a motion for summary judgment.

### C. *The Claim Against the Town*

In *Monell,* the Supreme Court overruled *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), to the extent *Monroe* held "that local governments are wholly immune from suit under § 1983." *Monell,* 436 U.S. at 663, 98 S.Ct. 2018. Specifically, the Court held that local governments could properly be sued as "persons" within the meaning of the statute. *Id.* at 690, 98 S.Ct. 2018.

 On the other hand, the Court further held "that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691, 98 S.Ct. 2018. Thus,

a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Id.* at 694, 98 S.Ct. 2018.

 In challenging the dismissal of his § 1983 claim against the Town, Coon contends that the Vermont legislature has altered the scope of municipal liability under § 1983. Indeed, according to Coon, all municipalities in the state are susceptible to *respondeat superior* liability for the § 1983 violations of their employees. This argument has no merit.

Coon relies on 24 V.S.A. § 901, "Actions by or against town officers," which states as follows:

(a) Where an action is given to any appointed or elected municipal officer or town school district officer, the action shall be brought in the name of the town in which the officer serves and in the case of a town school district officer in the name of the town school district. If the action is given against such officers, it shall be brought against such town or town school district, as the case may be. (b) The municipality shall assume all reasonable legal fees incurred by an officer when the officer was acting in the performance of his duties and did not act with any malicious intent.

■ The principal reason Coon's argument fails is that the scope of municipal liability under the federal cause of action created by § 1983 is a federal question. Just as states cannot extinguish municipality liability under § 1983 via state law, *see Sagendorf–Teal v. County of Rensselaer,* 100 F.3d 270, 276–77 (2d Cir.1996), they cannot enlarge it either. As the Supreme Court discussed in *Monell,* Congress chose not to impose a federal law of *respondeat superior,* in part because it believed the imposition of an obligation on municipalities to keep the peace would raise constitutional problems. *Monell,* 436 U.S. at 693, 98 S.Ct. 2018. A state may not alter that choice. If Vermont wishes to confer a cause of action against municipalities that is more generous to plaintiffs than § 1983, it is free to do so, but it may not tinker with the boundaries of the cause of action created by federal statute. As the claim at issue on this appeal arises under § 1983, the district court correctly held that the Town could not, consistent with *Monell,* be held liable under § 1983 for the illegal entry Coon complains of in this case. Accordingly, the claim against the Town was properly dismissed.

■ Furthermore, Coon's argument fails as a textual matter. He asserts in his reply brief that "[t]he plain language of § 901(a) makes Vermont municipalities liable for the actions of their employees." The plain language of § 901(a) says only that an action "given" against a municipality's officer "shall be brought against" the municipality, which, in specified circumstances, has a duty to defend. These prescriptions are consistent with the fact that a § 1983 suit against a municipal officer in his official capacity is treated as an action against the municipality itself. *See, e.g., Brandon v. Holt,* 469 U.S. 464, 471–73, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985). Indeed, the sparse case law on § 901 supports the view that the purpose of the statute is to "require that suits against police officers who were acting in their official capacities be brought against the municipality." *Hee v. Everlof,* 812 F.Supp. 1350, 1351 (D.Vt. 1993) (F.I.Parker, C.J.). In any event, § 901's instructions about the "name" in which a "given" cause of action must be brought cannot rationally be read to create new causes of action against Vermont municipalities.

Lastly, Coon's contention that § 901 represents a choice by the Vermont legislature to impose § 1983 liability on Vermont municipalities for the actions of their employees despite *Monell* 's limitation on municipal liability is refuted by the chronology of relevant events. Section 901 was last amended in 1973, five years before *Monell* was even decided. Indeed, at that time, *Monroe* was governing law and local governments were wholly immune from suit under § 1983. For the Vermont legislature to have had the intention Coon ascribes to it in connection with § 901, it would have had to anticipate not only *Monell* 's overruling of *Monroe* to deem municipalities "persons" under § 1983, but also its retention of *Monroe* 's holding that *respondeat superior* liability is unavailable. *See Monell,* 436 U.S. at 663 n. 7, 98 S.Ct.

2018. That would have been prescient indeed.[3]

## CONCLUSION

For the reasons set forth above, the district court's grant of summary judgment in favor of Ripchick on the § 1983 claim is reversed. Its grant of summary judgment in favor of the Town on that claim is affirmed. The case is remanded for further proceedings consistent with this opinion.

---

3. Defendants contend that Coon has waived any argument grounded in § 901 because he failed to raise such an argument in the district court. While there is a legitimate question as to how explicitly Coon presented this issue to the district court, we need not decide that question here in light of our decision on the merits.