Elaine HILL, Plaintiff–Appellant,

v.

Robert DIDIO, Defendant–Appellee.

No. 05–4556.

United States Court of Appeals,
Second Circuit.

June 20, 2006.

Elaine Hill, pro se, Brooklyn, NY, for Appellant.

Robert DiDio, Esq., Kew Gardens, NY, for Appellee.

Present AMALYA L. KEARSE, RALPH K. WINTER and ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Elaine Hill, *pro se*, appeals from the district court's dismissal of her complaint, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the underlying facts and procedural history.

On appeal from a dismissal of a complaint due to lack of subject matter jurisdiction pursuant to Rule 12(b)(1), this Court reviews "factual findings for clear error and legal conclusions de novo." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000) (internal quotation marks and citation omitted). A district court's dismissal for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), is also reviewed de novo. *See Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir.1998).

■ Hill argues that a default judgment should have been entered against defendant Robert DiDio because he failed to file an answer within 20 days as required by the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 12(a)(1)(A). DiDio requested an extension of time, and the magistrate judge validly granted the extension. *See* Fed.R.Civ.P. 6(b). DiDio then filed a motion to dismiss in lieu of an answer, as he was permitted to do. *See* Fed.R.Civ.P. 12(b). Therefore, the district court properly denied Hill's motion for default judgment against DiDio. The court's denial of Hill's motion for default judgment against Sonia Metellus, who was named in Hill's complaint but did not appear before the district court, was also proper because Hill's complaint was dismissed prior to the expiration of the deadline for Metellus to file responsive pleadings.

■ The district court properly dismissed claims filed by Hill pursuant to 18 U.S.C. §§ 241, 242, 645, and 1341, which are federal criminal statutes. A private individual may bring suit under a federal statute only when Congress specifically intended to create a private right of action. *See, e.g., Gonzaga Univ. v. Doe*, 536 U.S. 273, 283, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002); *Alaji Salahuddin v. Alaji*, 232 F.3d 305, 308, 311–12 (2d Cir.2000). We have noted in the past that there is no private right of action under section 242, *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir.1994), or section 1341, *see Official Publn's, Inc. v. Kable News Co.*, 884 F.2d 664, 667 (2d Cir.1989). Nothing in the language or structure of sections 241 and 645 suggests that Congress intended to create a private right of action pursuant to those statutes either. *See Newcomb v. Ingle*, 827 F.2d 675, 676 n. 1 (10th Cir.1987) (per curiam); *cf. Kaw Nation v. Springer*, 341 F.3d 1186, 1191 (10th Cir.2003). As a general matter, we have long recognized that crimes are prosecuted by the government,

not by private parties. *See Connecticut Action Now, Inc. v. Roberts Plating Co.,* 457 F.2d 81, 86–87 (2d Cir.1972).

■ The district court correctly concluded that Hill has failed to state an actionable claim under the Racketeer Influenced and Corrupt Organizations Act (RICO). *See* 18 U.S.C. § 1962; *GICC Capital Corp. v. Technology Fin. Group, Inc.,* 67 F.3d 463, 465 (2d Cir.1995). To the extent that Hill properly placed before the district court her claims under 42 U.S.C. §§ 1983 and 1985, those claims are meritless because Hill did not allege that DiDio or Metellus acted under color of state law for purposes of § 1983, *see, e.g., Coon v. Town of Springfield, Vt.,* 404 F.3d 683, 686 (2d Cir.2005), or that they engaged in any conspiracy within the meaning of § 1985, *see Webb v. Goord,* 340 F.3d 105, 110–11 (2d Cir.2003).

■ The district court did not abuse its discretion by not exercising supplemental jurisdiction over Hill's state law claims because all of Hill's federal claims were dismissed early in the litigation. *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). The district court also did not abuse its discretion in declining to hold an evidentiary hearing, because the dispositive issues were legal in nature and Hill has failed to demonstrate how a hearing would have affected the outcome. *See Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi,* 215 F.3d 247, 253 (2d Cir. 2000).

For the foregoing reasons, we conclude that the district court properly dismissed Hill's complaint. Accordingly, the judgment of the district court is hereby AFFIRMED.

We note, however, that at the heart of Ms. Hill's claims, asserted *pro se,* are charges of misconduct by lawyers who are apparently admitted to practice in the State of New York. If Ms. Hill wishes to pursue those charges, she may wish to consider doing so with the appropriate bar association.