Accarino v. Town of Monroe

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of August, two thousand twenty-one.

PRESENT:
> RENNA RAGGI,
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

RACHEL R. ACCARINO,
ANTHONY J. PANTUSO, III,

> *Plaintiffs-Appellants,*

v.                                                          21-34

TOWN OF MONROE,
KENNETH KELLOGG,

> *Defendants-Appellees.*

_____

FOR PLAINTIFFS-APPELLANTS:        ANTHONY J. PANTUSO, III, Law Offices of Anthony J. Pantuso, III, LLC, Shelton, CT.

FOR DEFENDANTS-APPELLEES:        ANDREW J. GLASS (James N. Tallberg, *on the brief*), Karsten & Tallberg, LLC, Rocky Hill, CT.

Appeal from a December 10, 2020 judgment of the United States District Court for the District of Connecticut (Janet Bond Arterton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Rachel Accarino and Anthony Pantuso, III appeal from a judgment entered on December 10, 2020, dismissing their Amended Complaint for failing to state a claim. Plaintiffs allege that on March 30, 2020, six police officers "converged on" and searched the front, side, and back yards of their home without a warrant or probable cause. App'x at 9. Plaintiffs sued the Town of Monroe and Kenneth Kellogg in his official capacity as First Selectman (together, "Defendants"), asserting claims under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments, as well as state-law claims for violations of Connecticut's Constitution. On appeal, Plaintiffs focus on their section 1983 claims and contend that "[t]he District Court erred in ruling that Plaintiffs . . . failed sufficiently to identify an unconstitutional policy, procedure, or custom of the Defendant Town that caused their injuries." Appellant's Br. at 3. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"We review de novo a dismissal under Rule 12(b)(6) for failure to state a claim," and we will affirm unless "the complaint contains sufficient factual matter that, accepted as true, states a plausible claim for relief." *Willey v. Kirkpatrick*, 801 F.3d 51, 61 (2d Cir. 2015). "To hold a municipality liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Lucente v. Cnty. of Suffolk*,

980 F.3d 284, 297 (2d Cir. 2020) (internal quotation marks omitted) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978)).

Plaintiffs' section 1983 claim against the Town of Monroe fails because they provide no factual allegations to support the existence of an official policy or custom. Instead, Plaintiffs rely exclusively on their cursory description of a single incident and a generic allegation that it occurred "pursuant to an official policy, practice or procedure." App'x at 10. Although we must accept Plaintiffs' factual allegations as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation." *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 225 (2d Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiffs' conclusory statement that a municipal policy or custom existed thus does not support their claim. *See Montero v. City of Yonkers*, 890 F.3d 386, 403–04 (2d Cir. 2018) ("[T]he mere assertion that a municipality has . . . a custom or policy is insufficient [to state a claim for municipal liability] in the absence of allegations of fact tending to support, at least circumstantially, such an inference." (internal quotation marks omitted)). Setting aside Plaintiffs' conclusory allegation, we cannot reasonably infer the existence of a municipal policy or custom from the single incident described in the complaint. *See, e.g.*, *Pierre v. Doorley*, 830 F. App'x 58, 60 (2d Cir. 2020) (summary order) ("[Plaintiff] attempts to rest his municipal claims on entirely his own experiences, which is insufficient to sustain a *Monell* claim, even at the pleading stage." (citing *Sorlucco v. N.Y.C. Police Dep't*, 971 F.2d 864, 870 (2d Cir. 1992)).

Finally, "a § 1983 suit against a municipal officer in his official capacity is treated as an action against the municipality itself," so Plaintiffs' claim against Kellogg in his official capacity

3

fails for the same reasons. *Coon v. Town of Springfield*, 404 F.3d 683, 687 (2d Cir. 2005).[1]

We have considered Plaintiffs' remaining arguments and conclude that they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Plaintiffs failed to brief and therefore waived their state-law claims. *See Chabad Lubavitch of Litchfield Cnty., Inc. v. Litchfield Historic Dist. Comm'n*, 768 F.3d 183, 200 (2d Cir. 2014) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." (internal quotation marks omitted)).