GERTRUDE A. JOHNSON *v.* LEONARD R. CONE ET AL.

May Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 6, 1942.

*Asa S. Bloomer* for the plaintiff.

*Fenton, Wing & Morse* for the defendant.

SHERBURNE, J. This action is based upon an automobile collision alleged to have been caused by the concurring negligence of both defendants. · Verdict and judgment were against both defendants, but defendant Cone has alone excepted. When not named Cone will be referred to herein as the defendant.

The accident happened at about 10 P. M. on May 31, 1941, in a rural area on Route 4 from Rutland to Woodstock opposite the entrance of a side road known as the Gleason road. Route 4 runs approximately east and west and at this point is straight with a good view of traffic in both directions. The road surface consists of two 10 foot lanes of cement and 5 foot tarvia shoul-

ders. The Gleason road has a gravel surface and enters Route 4 from the southwest, and at the intersection has a bell shaped opening 75 feet wide. In this opening there is a cement apron on Route 4, 58 feet and 9 inches long and 4 feet wide taking the place of the tarvia shoulder at that place. A minute or two before the accident Cone, who was on his way to his home in Woodstock, had stopped his car 14 inches off and southerly of this apron with its front wheels about one foot west of the easterly end of the apron, for the purpose of righting a box of turtles which was being carried upon the rear seat. The evidence was very conflicting, but viewed most favorably to the plaintiff reasonably tended to show the following facts: Although the entire width of the Gleason road opening was worked and available for travel, the usual course of travel to and from this road over Route 4 took the course of a Y, the travel to and from the west on Route 4 taking the left or west arm, and the travel to and from the east taking the right or east arm. Cone's lights were off and his car completely blocked the east arm of the Y as traveled, although occupying only a small portion of the entire width of the opening. The accident happened when defendant Wardwell, who was traveling westerly on Route 4, negligently drove to his left in front of the plaintiff, who was traveling in the opposite direction, in order to turn into the Gleason road over the east arm of the Y. Before turning Wardwell had slowed up and was driving close to the center of the road. Immediately after passing the center of the intersection of the east arm of the Y and Route 4 he slowed down to about 15 miles per hour and turned to cross the south lane of Route 4, when for the first time he saw the Cone car blocking his way. The plaintiff's car was approaching at about 40 miles per hour and he was caught in a pocket. He attempted to pull around back of the Cone car and had slowed down nearly to a stop before the impact. The right front end of his car collided with plaintiff's car when he was only part way across her lane of travel and a short distance northwesterly of the rear of the Cone car. Had the Cone car not been there he could have made the turn without accident.

The first exceptions briefed relate to the denial of the defendant's motion for a directed verdict made at the close of all the evidence, and to the overruling of his motion to set aside the

verdict. He insists that actionable negligence is not shown, and that the position of his car was not a proximate cause of the accident.

█ The existence of actionable negligence depends, not upon what actually happened, but upon what reasonably might have been expected to happen. Unless it is shown that a prudent man, situated as the defendant was at the time of his alleged default, knowing what he knew or should have known, would have regarded injury to the plaintiff or one of the class to which she belonged, as likely to result from the act or omission complained of, actionable negligence is not made out. *Humphrey* v. *Twin State Gas & Electric Co.*, 100 Vt. 414, 422, 139 Atl. 440, 56 A. L. R. 1011; *Woodcock's Admr.* v. *Hallock*, 98 Vt. 284, 290, 127 Atl. 380; *Perkins* v. *Vermont Hydro-Electric Corp.*, 106 Vt. 345, 381, 177 Atl. 631; *Wagner, Admr.* v. *Village of Waterbury*, 109 Vt. 368, 375, 196 Atl. 745.

██ No claim is made but that the evidence shows that the defendant parked his car on the Gleason road without lights, contrary to the provisions of P. L. 5110, sub-sec. XIII, and of P. L. 5115. These violations of the statute made at least a prima facie case of negligence. *Shea* v. *Pilette*, 108 Vt. 446, 450, 189 Atl. 154, 109 A. L. R. 933; *Hall* v. *Royce*, 109 Vt. 99, 106, 192 Atl. 193. The defendant concedes that such parking without lights might be said to have created a foreseeable risk to travelers from the Gleason road onto Route 4, but insists that injury to one traveling on Route 4 as the plaintiff was could not be reasonably foreseen, and that Wardwell could not have been reasonably expected to fail to see defendant's car as he approached the intersection, or to enter the Gleason road to the left rather than to the right of and beyond the center of the intersection before turning, as required by P. L. 5110, sub-sec. III. § 302 of the Restatement of Torts, vol. 2, states: "A negligent act may be one which: (b) creates a situation which involves an unreasonable risk to another because of the expectable action of the other, a third person, an animal or a force of nature." In comment 1 it states: "The actor is often required to anticipate and provide against that occasional negligence which is one of the ordinary incidents of human life and therefore to be anticipated, particularly if there is little or no utility in the creation of the

situation and the harm likely to be done is something more than trivial.'' Our cases recognize that the circumstances may be such that one may be bound to anticipate the negligence of a third person. *Wagner, Admr.* v. *Village of Waterbury,* 109 Vt. 368, 377, 378, 196 Atl. 745, in applying the rule as to an intervening act given in *Beatty* v. *Dunn,* 103 Vt. 340, 343, 154 Atl. 770, hereinafter set forth, affords an apt illustration. Assuming as the defendant claims, but not so deciding, that the statute required Wardwell to pass to the right of and beyond the center of the intersection before he turned into the Gleason road with its wide bell shaped entrance, and also assuming that Wardwell's lights should have sooner picked out the Cone car, common inclination to cut corners when turning to the left and the difficulty of seeing unlighted objects in the highway are such that it became a jury question whether the defendant should have reasonably foreseen that one traveling as Wardwell was would take the course that he did. If he should have anticipated this, the next step of showing that he should have foreseen danger to a person traveling where the plaintiff was needs little elucidation. Route 4 was a busy thoroughfare and a mix up at the intersection was likely to involve travelers thereon.

The defendant contends that the evidence shows that the collision occurred so far back of his car that its location could not have caused the accident, and lays stress upon measurements of scuff marks on the road surface testified to by a motor vehicle inspector, and claims that the testimony of witnesses cannot prevail against the physical fact of the scuff marks as testified to by the inspector. ''Since,'' as said in *Izor* v. *Brigham,* 111 Vt. 438, 442, 17 Atl. (2d) 236, 237, ''a chain can be no stronger than its weakest link it is obviously necessary not only that the existence of the physical facts relied upon, but also their connection with the question at issue, be established in order to have the effect claimed.'' Here, as there, the credibility of the witness who made the observations and measurements was for the jury to determine. The defendant further says that turning as he did in front of the plaintiff Wardwell could not possibly have gotten across even if the Cone car had not been there. As our statement of the facts shows there was evidence from which the jury could find that this accident would not have happened except for the position of the Cone car.

■ The defendant further contends that even if there was evidence tending to establish his negligence the negligent act of Wardwell was an efficient intervening cause. Our often cited rule in such cases is as stated in *Beatty* v. *Dunn*, 103 Vt. 340, 343, 154 Atl. 770, 771, omitting the authorities there cited: ''When negligence is established, liability attaches for all the injurious consequences that flow therefrom until diverted by the intervention of some efficient cause that makes the injury its own, or until the force set in motion by the negligent act has so far spent itself as to be too small for the law's notice. The difficulty in applying this rule often lies in determining what is an ''intervening cause'' therein referred to. The answer to this question is to be found in the character of the intervening act. * * * If this, itself, is a natural and proper result of the original negligence, it will not necessarily prevent recovery thereon. Otherwise it will. Such an efficient intervening cause, in order to stand as the responsible cause of the ultimate result, must be a new and independent force or agency breaking the chain of causal connection between the original wrong and that result. Thus it is that the negligence of a third person may or may not amount to an efficient intervening cause. If it is something that, in the eye of the law, the person charged was bound to anticipate, the causal connection is not broken; otherwise, the chain of causation is broken.'' See also *Bennett* v. *Robertson*, 107 Vt. 202, 209, 177 Atl. 625, 98 A. L. R. 152; *Wagner, Admr.* v. *Village of Waterbury*, 109 Vt. 368, 377, 196 Atl. 745; *Meyette* v. *Canadian Pacific Ry. Co.*, 110 Vt. 345, 353, 6 Atl. (2d) 33.

■ As applied to the situation here the rule formulated in *Kline* v. *Moyer*, 325 Pa. 357, 191 Atl. 43, 111 A. L. R. 406, a negligent parking case, is in point: ''Where a second actor has become aware of the existence of a potential danger created by the negligence of an original tort-feasor, and thereafter, by an independent act of negligence, brings about an accident the first tortfeasor is relieved of liability, because the condition created by him was merely a circumstance and not its proximate cause. Where, however, the second actor does not become apprised of such danger until his own negligence, added to that of the existing perilous condition, has made the accident inevitable, the negligent acts of the two tort-feasors are contributing causes and

proximate factors in the happening of the accident and impose liability upon both of the guilty parties." See also 38 Am. Jur. Negligence Sec. 72, p. 731. *Beatty* v. *Dunn, supra,* and *Meyette* v. *Canadian Pacific Ry. Co., supra,* fit into the first part of this rule; whereas *Wagner, Admr.* v. *Village of Waterbury, supra,* illustrates the second part of this rule. Here the evidence shows that Wardwell did not see the Cone car until his own negligence added to that of Cone had made the accident inevitable. The chain of causation to the original neglect was not broken, nor had the force set in motion thereby so far spent itself as to become too small for the law's notice. There was no error in overruling defendant's motions.

■ A plaintiff's witness, who was riding on the front seat of plaintiff's car, was asked on cross-examination by Wardwell's attorney if the situation was such that if the Cone car hadn't been parked there the Wardwell car could have gone into the Gleason road without any interference, and, subject to defendant's objection and exception that the question called for a conclusion, answered "Yes." It is true that, as a general rule, witnesses are to state facts and not give their inferences or opinions; but this rule is subject to the exception that where the facts are of such character as to be incapable of being presented with their proper force to any one but the observer himself, so as to enable the trier to draw a correct or intelligent conclusion from them without the aid of the judgment or opinion of the witness who had the benefit of personal observation, he is allowed, to a certain extent, to add his conclusion, judgment or opinion. *Bates* v. *Sharon,* 45 Vt. 474, 481; *State* v. *Felch,* 92 Vt. 477, 486, 105 Atl. 23; *State* v. *Winters,* 102 Vt. 36, 44, 145 Atl. 413; *Shields* v. *Vermont Mutual Fire Ins. Co.,* 102 Vt. 224, 244, 147 Atl. 352. Thus, in the last case cited, a witness who had heard thunder followed by a flash of lightning was permitted to testify that in his judgment the lightning struck pretty close by. The question came within the exception to the rule.

■ The defendant excepted to the failure of the court to charge as duly requested that, if the jury found that the accident would have happened regardless of the fact that the defendant's car was on the Gleason road without lights, his act in so placing the car there was not the proximate cause of the accident and he was

not liable. The request stated a correct principle of law. *Sowles* v. *Moore,* 65 Vt. 322, 26 Atl. 629, 21 L. R. A. 723; *Perkins* v. *Vermont Hydro-Electric Corp.,* 106 Vt. 367, 380, 381, 177 Atl. 631. In its charge the court properly defined proximate cause and explained generally how the negligent acts of two or more may concur to produce a single injury, but nowhere did it adequately and distinctly cover the matter of the request. There was considerable evidence indicating that the presence of the defendant's car on the Gleason road had nothing to do with the accident and that it would have happened if it had not been there at all. Failure to give adequate instructions relative to this important issue was misleading to the jury. Its omission was prejudicial error.

*Judgment reversed, and cause remanded.*