# Roland C. Paton, Admr. of the Estate of Antonio J. Tremblay, Jr. v. Edward G. Sawyer

[370 A.2d 215]

No. 19-74

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed December 21, 1976

Motion for Reargument Denied February 1, 1977

*Oreste V. Valsangiacomo, Jr.,* of *Richard E. Davis Associates, Inc.,* Barre, for Plaintiff.

*Frederick deG. Harlow* of *Ryan, Smith & Carbine, Ltd.,* Rutland, for Defendant.

**Barney, C.J.** Two brothers coming down a private road on a snowmobile had a horrible accident. They were following a second snowmobile, traveling after dark, when the lead machine struck a chain barrier stretched across the road. The chain was thrown up and when it came down, the second driver ducked, but the chain caught his brother, the passenger, across the neck and decapitated him. Neither driver was injured.

Suit was brought on behalf of the deceased passenger against the owner of the road and surrounding land. The property was the former radar base site in East Haven, Vermont, and included the access road.

The action was brought prior to the effective date of 12 V.S.A. § 1036, the comparative negligence statute, so the former law applied. The defendant raised contributory negli-

gence and assumption of the risk as affirmative defenses. The case went to the jury and a defendant's verdict resulted. The matter is here on appeal with the only issues being questions raised with respect to the court's charge.

The issues raised by the plaintiff relate to three general areas of the charge. He claims that the portions of the charge relating to intervening cause, duties of a landowner to persons on his land, and the doctrine of assumption of risk by the deceased were all erroneously stated with respect to the applicable law and were misleading to the jury.

■ The basic rule for reviewing such allegations is to look to the charge in its entirety. *State* v. *Arbeitman*, 131 Vt. 596, 602, 313 A.2d 17 (1973). To fail to do so may create an appearance of error that in fact does not exist.

The plaintiff complains principally, with respect to the concept of intervening cause, that the principle of *Johnson* v. *Cone*, 112 Vt. 459, 28 A.2d 384 (1942) was not explained to the jury. That case, at page 464, says:

> Thus it is that the negligence of a third person may or may not amount to an efficient intervening cause. If it is something that, in the eye of the law, the person charged was bound to anticipate, the causal connection is not broken; otherwise, the chain of causation is broken.

■ The trial court below told the jury that the negligence of the two snowmobile drivers, if negligence there was, "would constitute (sic) efficient intervening cause, unless the person charged in this case, Mr. Sawyer, was found to anticipate such intervening negligence." The plaintiff objected to this statement of the proposition for which *Johnson* v. *Cone, supra,* stands, as being incomplete, and not in compliance with his requests. Even taking it together with the court's instructions on negligence and burden of proof elsewhere in the charge, we find it not a sufficient statement of the law.

■ *Beatty* v. *Dunn,* 103 Vt. 340, 343, 154 A. 770 (1931), is the definitive statement of our rule. It says that "an efficient, intervening cause, in order to stand as the responsible cause of the ultimate result, must be a new and independent force or agency breaking the chain of causal connection between the

original wrong and that result." Whether or not the negligence of a third person may or may not amount to such an intervening cause turns on the issue of whether or not some such negligent act or intervention was something the original actor had a duty to anticipate. If he was bound to foresee such intervention as a consequence of his own negligence, he cannot take refuge behind the doctrine of intervening cause.

The crucial shortage here is that the directions to the jury did not, as they appear in the transcript, make clear the duty of the defendant to anticipate the creation of danger to others through their negligent acts operating on negligent actions of his own, if his acts were found to be negligent by the jury. Instead, it excused the defendant because of third party negligence unless he was shown to have, in fact, anticipated the intervening acts. The duty is to foresee, and the defendant will not be excused because of a failure to anticipate what he was bound to comprehend as a possible consequence.

On pages 464–65, *Johnson* v. *Cone* goes on to explain aspects of the application of this rule:

> Where a second actor has become aware of the existence of a potential danger created by the negligence of an original tort-feasor, and thereafter, by an independent act of negligence, brings about an accident the first . . . is relieved of liability, because the condition created by him was . . . not its proximate cause. Where, however, the second actor does not become apprised of . . . danger until his own negligence, added to that of the existing perilous condition, has made the accident inevitable, the negligent acts of the two . . . are contributing causes and proximate factors in the happening of the accident and impose liability upon both of the guilty parties.

To put these concepts together, the test for defendant's negligence in this instance is whether or not he was bound to anticipate the negligence of another. If not, he is not liable. In instances where he is bound to anticipate negligence, *Johnson* provides that he shall still not be liable *if* the second actor, once aware of the particular danger involved, knowingly and negligently proceeds; but he shall be jointly liable where the negligence of the second acts in concert with his own negligence, inevitably causing the injury.

Plaintiff calls to our attention two instances where the lower court was defining for the jury the concept of intervening negligence. At one point in the charge, the court said, "[t]his I would refer to as such as negligence by *any* negligence by the leading driver . . . or . . . by the snowmobile on which the deceased was riding." (Emphasis added.) Later, the court charged, "[a]n efficient intervening cause may be defined as a new independent force as an agency which breaks the chain of causal connection, *thus the negligence of a third person.*" (Emphasis added.)

We do agree with plaintiff's assertions that the lower court erred in instructing the jury that *any* negligence by third parties would suffice to prevent the defendant's liability. This is an incomplete direction, there not being sufficient instruction as to the *Johnson* doctrine allowing for joint liability.

■ It has been suggested that the rendering of "found" in the charge given was a mistranscription of "bound". There is no way this can be established on the present record, and we must accept the transcript of the charge as establishing reversible error. We do agree with the defendant, as to the claims of error made by the plaintiff based on the use of the phrase "acts of negligence", that the phrase is clearly a mistranscription of the phrase "active negligence".

■ Though we are reversing for the above reasons, we shall briefly deal with various other issues raised by plaintiff, due to the prospects that they may reoccur on retrial. With respect to the challenges to the court's charge on the duty owed trespassers and licensees, we find, again looking at the whole charge, no shortage. The definition of the duty given by the court is not attacked as to its substance, and the brief concedes that it was charged. We do not agree with the plaintiff's contention that the trial court's recitation of the lack of constitutional burden on a landowner followed by an explanation of the duty imposed by statute is, as a matter of law, misleading.

■ Since assumption of the risk was pleaded in this case, the trial court saw fit to charge it and correctly placed the burden of establishing it on the defendant. The charging of this doctrine was listed along with some others in a general

objection to the charge. The court was not informed in any way as to the claim of error with respect to the charge, as is required. V.R.C.P. 51(b) ; *Allen* v. *Burlington Housing Authority*, 129 Vt. 8, 15, 270 A.2d 588 (1970).

The brief faults the charge for limiting itself to the assumption of the risk of the driver's negligence. Apparently, the plaintiff is complaining that the deceased should have been more explicitly charged with the burden of assuming the risk of the chain across the highway. In fact the court gave a much more favorable charge by exonerating the deceased from any assumption of the risk of any danger that he had no opportunity to observe or that he learned of too late to act. None of this was presented by way of specific challenge to the lower court, so that even if there were any substance to it, no issue has been preserved for appeal.

*Judgment reversed and cause remanded.*