## ESTATE of Crystal Lee SUMNER v. DEPARTMENT OF SOCIAL AND REHABILITATION SERVICES

[649 A.2d 1034]

No. 93-170

September 29, 1994.

In early 1988, thirteen-year-old Steven Buelow was found to be a "child in need of care or supervision," pursuant to 33 V.S.A. § 5502(a)(12)(C), based on an incident in which he refused to return home following an argument and subsequent altercation with his mother and stepfather. By the time of the disposition hearing, Steven had returned home pursuant to a plan of reunification. In its March 1988 disposition order, the juvenile court ordered that Steven be placed at home with his mother and stepfather, that his parents retain legal guardianship, but that the Department assume legal custody of the boy. In the last week of July 1988, Steven's parents moved from their home, and Steven went to live at the home of his step-father's sister, the mother of the decedent. On August 2, 1988, Steven sexually assaulted and murdered his seven-year-old cousin, Crystal Sumner.

Plaintiff's suit alleged that the Department was negligent in its supervision and placement of Steven and that it failed to exercise the duty of care it had to decedent and others with whom the Department knew or should have known that Steven was living. In support of its claims, plaintiff alleged that the Department was made aware of problems with Steven's behavior, but did nothing to address those problems. In addition, plaintiff alleged that the Department did nothing to seek a different placement even though it knew that Steven was unable to live with his mother because she had moved in with a relative who would not allow him to live there. Plaintiff claims that the Department should have sought modification of the juvenile court order when it became aware that the placement had failed.

In July 1991, the superior court denied the Department's motion to dismiss plaintiff's suit, stating that plaintiff should have an opportunity to produce evidence establishing that the Department knew or should have known that Steven was dangerous. In January 1993, in response to the Department's motion for summary judgment, plaintiff submitted an affidavit from the administrator of the estate of Crystal Sumner, the decedent's grandfather, which stated (1) the Department knew or should have known that Steven was not living with his parents, who were moving in with a relative; (2) the relative would not allow Steven to stay with them out of fear for her children's safety; and (3) the Department knew or should have known that Steven was engaging in highrisk behaviors, such as sexual activity, drinking, and getting into fights. The superior court granted the Department's motion, ruling in defendant's favor on the issues of sovereign immunity, duty of care, and proximate cause. We conclude that summary judgment was appropriate

because a jury could not reasonably have found that the Department's actions or omissions were the proximate cause of the decedent's injuries.

Proximate cause is the law's method of keeping the scope of liability for a defendant's negligence from extending by ever-expanding causal links. *Roberts v. State*, 147 Vt. 160, 163, 514 A.2d 694, 695 (1986). An efficient, intervening cause is a new and independent force that breaks the chain of causal connection between the original wrong and the ultimate result. *Paton v. Sawyer*, 134 Vt. 598, 600–01, 370 A.2d 215, 217 (1976). "Whether or not the negligence of a third person may or may not amount to such an intervening cause turns on the issue of whether or not some such negligent act or intervention was something the original actor had a duty to anticipate." *Id.* at 601, 370 A.2d at 217; see *Dodge v. McArthur*, 126 Vt. 81, 84, 223 A.2d 453, 455 (1966) ("if the initial negligence creates a situation making it likely that some other force or action will occur and bring about harm, responsibility remains with the original actor"); *Lavoie v. Pacific Press & Shear Co.*, 975 F.2d 48, 57–58 (2d Cir. 1992) (stating Vermont law on intervening proximate cause); cf. *Bradley Center, Inc. v. Wessner*, 296 S.E.2d 693, 696 (Ga. 1982) ("where the intervening criminal acts of third parties are unforeseeable, they will not give rise to liability").

In this case, a reasonable jury could not have concluded that the Department had a duty to anticipate Steven's rape and murder of Crystal Sumner. There are no allegations that Steven threatened the decedent, or even that he had ever been accused of or adjudicated for any delinquent or criminal behavior. Plaintiff, the decedent's grandfather, submitted an affidavit alleging that Steven drank, got into fights, engaged in sexual relations, and on at least one occasion had to go to the hospital. Assuming these allegations are based on personal knowledge, see

V.R.C.P. 56(e) (affidavits shall be made on personal knowledge and shall set forth facts that would be admissible in evidence), they are insufficient, as a matter of law, to show that the Department should have foreseen the serious danger posed by Steven. See *Megeff v. Doland*, 176 Cal. Rptr. 467, 472 (Ct. App. 1981) (purpose of motion for summary judgment is to penetrate through evasive language and adept pleading in order to ascertain existence or absence of triable issues).

Ordinarily, proximate cause is a jury issue "'unless the proof is so clear that reasonable minds cannot draw different conclusions or where all reasonable minds would construe the facts and circumstances one way.'" *Roberts*, 147 Vt. at 163–64 514 A.2d at 696 (quoting *Schaefer v. Elswood Trailer Sales*, 516 P.2d 1168, 1170 (Idaho 1973)). Here, we conclude that, as a matter of law, the only immediate and proximate cause of plaintiff's damages was the independent, intentional criminal act of Steven Buelow, not the Department's alleged negligence in failing to react more quickly to Steven's move from his parent's home. See *Finnegan v. State*, 138 Vt. 603, 606, 420 A.2d 104, 105 (1980) (even if State's negligence allowed inmate to escape, State not liable for damages caused by escapee's independent act of driving his vehicle into another car); *Rivers v. State*, 133 Vt. 11, 14, 328 A.2d 398, 400 (1974) (as a matter of law, release of inmate through furlough program not proximate cause of deaths from automobile accident negligently caused by inmate); cf. *Haselhorst v. State*, 485 N.W.2d 180, 188 (Neb. 1992) (agency's failure to obtain records of foster child and to investigate suspicious incidents was negligence that made it likely foster child would harm other children in home; therefore, foster child's abuse was not intervening cause); *Little v. Utah State Div. of Family Servs.*, 667 P.2d 49, 54 (Utah 1983) (in light of agency's

failure to respond to signs of repeated injuries to foster child, murder of foster child in foster home was not intervening proximate cause of her death). Given the facts and circumstances of this case, the allegedly negligent action of the Department is far too attenuated to constitute a proximate cause of Crystal Sumner's death.

*Affirmed.*