Harrington v. Rheaume, No. 729-10-09 Rdcv (Teachout, J., July 9, 2012)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Rutland Unit** | **Docket No. 729-10-09 Rdcv** |

**JOSEPH HARRINGTON,**
    **Plaintiff**

**v.**

**CHARLES RHEAUME,**
**ERICOB VERMONT REALTY CORP., and**
**RICHARD EGIZI,**
    **Defendants**

## DECISION
### Defendants' ERICOB and Richard Egizi Motion for Summary Judgment

The claim in this case is for personal injury arising out of an assault by Defendant Charles Rheaume on Plaintiff Joseph Harrington that at the door or inside the door of Mr. Rheaume's apartment. Mr. Rheaume was a tenant in an apartment building owned by ERICOB Vermont Reality Corporation ("ERICOB") and managed by Richard Egizi. Plaintiff brought suit against Mr. Rheaume, ERICOB, and Mr. Egizi.

Defendants ERICOB and Richard Egizi move for summary judgment. Oral argument was heard on March 27, 2012. Plaintiff was represented by James G. Levins, Esq. Defendants ERICOB and Egizi were represented by Andrew C. Boxer, Esq.

### Facts

At the time of the assault, Plaintiff Joseph Harrington was staying with a friend in Defendants' apartment building in Rutland, Vermont. ERICOB owns the building, which has four apartments, and Mr. Egizi was the building manager. Mr. Harrington had Defendants' permission to stay in the building.

Mr. Rheaume was another tenant in the building. Defendant Egizi was not aware and Defendant ERICOB may have been aware that, approximately five months before the assault on Mr. Harrington, Mr. Rheaume had head-butted another tenant in the building. The head-butting incident did not result in criminal charges. In the present incident, Mr. Rheaume punched Mr. Harrington in the face. Mr. Rheaume's motivations are unclear. Mr. Rheaume pled guilty to a criminal charge of simple assault and paid a $200 fine.

**Analysis**

Plaintiff seeks damages from ERICOB and Mr. Egizi on the basis of negligence. A claim of negligence requires Plaintiff to prove 1) that Defendants owed him a duty of care, 2) that Defendants breached that duty, 3) that the breach proximately caused harm to Plaintiff, and 4) that Plaintiff suffered actual damages as a result. *Langle v. Kurkul*, 146 Vt. 513, 517 (1986). The issues in this case relate to the duty and causation prongs of the negligence standard. Defendants argue that they did not owe Plaintiff a duty to protect him from Mr. Rheaume's assault and that their actions or omissions did not proximately cause Plaintiff's injury.

*Duty*

Plaintiff's difficulty in establishing his claim is that there is generally no legal duty to protect someone from intentional crimes committed by a third party. See *Edson v. Barre Supervisory Union No. 61*, 2007 VT 62, ¶ 13, 182 Vt. 157. In order for Defendants to be held liable for negligence based on crimes of a third party, Defendants must have special knowledge or notice, allowing for the imposition of a duty. See *id*. This notice must be such that would cause Defendants to anticipate harm to Plaintiff being caused by the intentional acts of a third party. *Compare Sabia v. State*, 164 Vt. 293, 305-06 (1995) (holding that Department of Social and Rehabilitation Services (SRS) had a duty to prevent further child abuse when it was notified of ongoing abuse based on the special relationship between the agency and a specifically identified abused child) *with Estate of Sumner v. Dept. of Social & Rehabilitation Servs*, 162 Vt. 628, 629 (1994) (mem.) (holding that SRS had no duty to prevent a murder by one of its charges when it had no notice of facts upon which it should have foreseen a serious danger from the murderer).

The Second Circuit, applying Vermont law in *Doyle v. Exxon Corp.*, 592 F.2d 44 (2d Cir. 1979), stated, "Under Vermont law, as in most states, a landlord is not an insurer of the safety of a tenant; rather, the duty of a landlord has been characterized as one of reasonable diligence and ordinary care to maintain, in a reasonably safe condition, areas of the premises over which he has control." *Id*. at 46. In order for a landlord to have a duty to protect tenants from third party crimes, there must be "special circumstances" outside the ordinary course of the landlord-tenant relationship. *Id*. Factors influencing whether or not a duty exists include "the degree of control possessed by the landlord, the foreseeability of the danger, the extent to which the landlord had undertaken specific protective measures, and the adequacy of the evidence supporting the essential element of proximate causation." *Id*. at 46-47.

Mr. Harrington was not a tenant of Defendants, but was temporarily staying with one of Defendants' tenants. Defendants argue that on these facts they owed Plaintiff no duty at all because he was a mere "social guest" and not himself a tenant. Generally, a landlord is only liable to social guests for injuries suffered as a result of the landlord's active of affirmative negligence. *Menard v. Lavoie*, 174 Vt. 479, 480 (2002), whereas a landlord is required to exercise reasonable care toward business invitees, who are persons who enter premises for purposes of business dealings with the owner. *Id*. Defendants

were aware that Plaintiff was living in the building, and Defendant Egizi allowed Plaintiff to repair a water-damaged ceiling in exchange for a rent credit.  On these facts, Defendants had business dealings with Plaintiff, and owed him a duty of reasonable care. That does not resolve whether the reasonable care standard required Defendants to take preventive measures to prevent Mr. Rheaume from assaulting tenants, including Mr. Rheaume.

Resolution of this issue turns on the foreseeability of harm to Plaintiff. If the harm was not foreseeable, then Defendants did not owe Plaintiff a duty of care to prevent it. See *Edson v. Barre Supervisory Union No. 61*, 2007 VT 62, ¶ 10. Plaintiff argues that the previous incident, in which Mr. Rheaume head-butted another tenant, made Mr. Rheaume's present assault on Plaintiff foreseeable. Plaintiff does not allege that Mr. Rheaume had a past criminal record known to Defendants and does not point to any other incidents of violence other than the head-butting incident.  There are no facts about the relationship between Mr. Rheaume and the prior victim or the dynamics of their relationship, or Mr. Rheaume's conduct toward other tenants.  The question on summary judgment is whether there are sufficient facts from which a jury could find that an assault by Mr. Rheaume was foreseeable such that Defendants had a duty to take preventive measures.

The court cannot conclude that this one prior incident of head-butting another tenant, without more, even if Defendants knew of it, is sufficient for a jury to find that it was foreseeable that Mr. Rheaume would criminally assault Plaintiff. The head-butt was a single incident of a relatively minor level of violence, with nothing more to indicate the likelihood of repetition or of an escalation in the level of violence, nor risk of violence to others in the building.

In other cases cited by Plaintiff in which a duty has been found in the landlord-tenant setting, the landlord had a clear indication of the likelihood of criminal violence. For instance in *Reinert v. 291 Pleasant Avenue, L.L.C.*, 2011 WL 4084251 (N.Y. Supp. App. Term Sept. 14, 2011) (per curiam), the landlord was repeatedly notified in writing by plaintiff of the assaultive tenant's insults, threats of harm and acts of vandalism directed at the plaintiff, drug-related activity in common areas, and of a prior assault upon the plaintiff.  *Id*. Similarly, in *Giggers v. Memphis Housing Authority*, 277 S.W.3d 359 (Tenn. 2009), the landlord knew that the assaultive tenant had previously stabbed another tenant on the premises and had continued to make verbal threats thereafter, and the landlord had placed him on a probationary status. *Id*. at 361.

In contrast, the single, relatively minor head-butting incident was not sufficient to put Defendants on notice that Mr. Rheaume posed a threat to Plaintiff or others in the apartment building. Therefore, no "special circumstances" were present, and, consistent with general principles of tort law, Defendants' duty of reasonable care did not include a duty to take action to prevent the criminal actions of a third party.

3

*Proximate Cause*

Defendants also argue that Plaintiff cannot satisfy his burden with regards to the proximate cause prong of the negligence standard. Proximate cause is designed to limit Defendants' liability to injuries that are sufficiently closely connected to the act of negligence to constitute legal causation. See *Collins v. Thomas*, 2007 VT 92, ¶ 8, 182 Vt. 250. Proximate cause requires "a causal connection between the act for which the defendant is claimed to be responsible and which is alleged to be negligent and the resulting flow of injurious consequences." *Rivers v. State*, 133 Vt. 11, 14 (1974). Put another way, while Defendants' conduct may have been a "cause-in-fact" of Plaintiff's harm, *id.*, "but for" causation alone is not sufficient. *Collins*, 2007 VT 92 at ¶ 8. Although proximate cause is typically a jury issue, the court may decide the issue as a matter of law where "the proof is so clear that reasonable minds cannot draw different conclusions or where all reasonable minds would construe the facts and circumstances one way." *Estate of Sumner v. Dept. of Social & Rehabilitation Servs*, 162 Vt. 628, 629 (1994) (mem.).

Applying this standard, no reasonable jury could find that the conduct of ERICOB and Mr. Egizi led to the assault in a natural and continuous sequence of events, or that it was a substantial factor in bringing about the assault. This case illustrates the difference between "but for" (factual) and proximate (legal) causation. Plaintiff can show "but for" causation: "but for" the Defendants renting to Mr. Rheaume and maintaining him as a tenant after the head-but with no special precautions, Mr. Rheaume would likely not have been in a position to assault Mr. Harrington. "But for" causation is not, however, sufficient. Defendants' conduct also needs to be a proximate cause of the punch in the fact that resulted in Plaintiff's injuries. The facts are insufficient as a matter of law to show proximate causation.

Because Plaintiff cannot prove either a duty on the part of Defendants ERICOB and Egizi to protect against criminal assault, nor proximate causation between their conduct and Plaintiff's harm, Defendants ERICOB and Egizi are entitled to summary judgment.

## ORDER

Defendants' Motion for Summary Judgment is *granted*.

Plaintiff has until August 1, 2012 to file a new motion for default against Defendant Rheaume. The original motion was denied on November 2, 2010, with the opportunity to renew. If nothing is filed by August 1, 2012, the case will be dismissed.

Dated this 9th day of July, 2012.

_____
Hon. Mary Miles Teachout
Superior Court Judge

4