Vermont Superior Court
Filed 05/09/24
Orleans Unit

VERMONT SUPERIOR COURT
Orleans Unit
247 Main Street
Newport VT 05855
802-334-3305
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 284-10-19 Oscv

| Ortiz et al vs. Derby Town School District et al |
| --- |

## ENTRY REGARDING MOTION

Title:        Motion for Summary Judgment  (Motion: 13)
Filer:        Pietro J. Lynn
Filed Date:    October 17, 2023

The motion is GRANTED IN PART and DENIED IN PART.

The case before the Court concerns what liability, if any, attaches to a school district for the actions of a special education teacher, employed by the district, who acts in a physical and criminal manner toward a special needs student.  Immediately before the Court is a motion for summary judgment filed by Defendants Derby Town School District and North Country Supervisory Union's (together "the District") concerning the District's liability to Plaintiffs Jeremy Glodgett and J.G. on both Plaintiffs' vicarious liability claims as well as their more direct claim of negligent supervision. The Court has considered the parties' arguments and issues the following decision.

### Factual Background

The following facts are either undisputed or are recited with all reasonable doubts and inferences going to the Plaintiffs' versions of events for the purposes of the instant motion. *Morisseau v. Hannaford Bros.*, 2016 VT 17, ¶12.

J.G. is a special needs student who was enrolled in the District at Derby Elementary School during the 2016–17 school year.  At the time, J.G. was a 6-years old.  J.G. has a diagnosis of autism spectrum disorder, and he attended school subject to an Individual Educational Plan (IEP) that the District, working with J.G.'s parents, had created and put into place.  Due to his disabilities, J.G. required one-on-one support from the District and its staff on a daily basis.  At the time, J.G. was largely non-verbal and exhibitied troublesome physical behaviors including kicking, hitting, and biting.  These behaviors and the inability to communicate, required occasional restraint by staff.  The

Entry Regarding Motion
284-10-19 Oscv Ortiz et al vs. Derby Town School District et al

Page 1 of 10

Derby School staff kept a daily journal of J.G.'s school day and his behaviors. This included documenting each time a staff member would have to restrain J.G. These journals were shared with J.G.'s parents along with "Rule 4500 letters," which formally documented any use of restraint or seclusion on J.G. School staff met with J.G.'s parents on a regular basis to discuss J.G.'s IEP, specific incidents, and J.G.'s progress.

At the time, the District employed Defendant Kimberly Swett as a special education teacher at the Derby Elementary School. During the 2016–17 school year, Defendant Swett was part of the team who provided day-to-day care for J.G.

On December 13, 2016, the first reported incident between Swett and J.G occurred. Defendant Swett reacted to J.G.'s behavior in what both Plaintiffs and the District have agreed was an unduly forcible manner. On that date, J.G. was reaching for a CD player in a way that Swett believed would do damage to the device. Swett roughly grabbed J.G.'s arm in such a way that caused J.G. to fall to the ground.

Immediately following this incident, the District put Swett on paid administrative leave, and began an investigation. The District eventually concluded that Swett's actions were inappropriate and took disciplinary action against her, including a formal reprimand and a report of the incident to the Vermont Agency of Education. The report also made mention of an earlier, unsubstantiated, incident from 2014 where Swett had been accused of similar conduct with another special needs student but did not include any additional discipline for this earlier incident. The District found that Swett was current on all of her necessary special education certifications and trainings, but the District, as part of its discipline, mandated that Swett had to maintain these certifications and continuing education credits to work with special needs students.

The District shared the results of the investigation with J.G.'s parents. Jessica Ortiz, J.G.'s mother, made a request to remove Defendant Swett from working with J.G. At the time, Swett also indicated to the District that she felt that she did not have the skills to work with J.G. The District did not make any change to the position, and Defendant Swett remained one of J.G.'s caregivers.[1]

---

[1] The reasons why Swett was not removed from the team providing care and support for J.G. remain a factual dispute between the parties as does J.G.'s mother's reaction to the District's decision to keep Swett in her role as a caregiver to J.G.

On March 20, 2017, a second, and more serious, incident occurred. On that date, J.G. was not complying with directions and had thrown a chair at the wall. As he was beginning to pick-up another one, Defendant Swett took a 20-inch length of rope with two knots embedded into it that she and other staff used to guide J.G. down the hallways and whipped J.G. with it. The strike left a large welt on J.G.'s back.

Another special education teacher who was in the room during the entire incident immediate sought out other staff members and formally reported the incident to the District's administration. The District put Swett on paid leave that day. Swett resigned later the same day from her position. She has since been criminally charged with assault, to which she has pled no contest and received a one-to-two year suspended sentence.

Since the March 20th incident, J.G. no longer enjoys going to school and has exhibited increased behavioral issues. Plaintiff Ortiz has suffered and continues to suffer from on-going emotional trauma arising from this incident.

### Procedural Background

Plaintiffs filed the present action in October of 2019. Plaintiff's initial claim named three individual administrators of the District as Defendants for claims of gross negligence and negligent infliction of emotional distress. These Court previously dismissed these individuals in May 2020, but the two claims remain against the District.

Plaintiffs have also brought five claims against Swett. These include a claim of gross negligence, assault, battery, negligent infliction of emotional distress, and intentional infliction of emotional distress. As part of these claims, Plaintiffs also seek to hold the District vicariously liable under 16 V.S.A. § 1756 and 24 V.S.A. §§ 901, 901a.

In addition to Plaintiffs' claims, the District has brought crossclaims against Defendant Swett seeking indemnification for her actions. For the purpose of the present motion, the only relevant claims are the direct claims pending against the District and the claims for vicarious liability.[2]

---

[2] Defendant Swett has not participated in the present motion, and none of the filings affect either Plaintiffs' direct claims against Swett or the District's crossclaims against her.

<u>Analysis</u>

## I.    Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). The court may enter summary judgment when, "after adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an element essential to [his or] her case and upon which [he or] she has the burden of proof." *Gallipo v. City of Rutland*, 2005 VT 83, ¶ 13, 178 Vt. 244 (quotation marks omitted).

When determining whether there is a disputed issue of material fact, a court must afford the party opposing summary judgment the benefit of all reasonable doubts and inferences. *Carr v. Peerless Insurance Co.*, 168 Vt. 465, 476 (1998). However, a non-moving party cannot rely on bare allegations, unsupported generalities, or speculation to defeat a properly supported motion for summary judgment. *See* V.R.C.P. 56(c), (e); *Webb v. Leclair*, 2007 VT 65, ¶ 14, 182 Vt. 559 (mem.). "[C]onclusory allegations without facts to support them are insufficient to survive summary judgment." *Robertson v. Mylan Laboratories, Inc.*, 2004 VT 15, ¶ 48, 176 Vt. 356. Thus, an opposing party's allegations must be supported by affidavits or other documentary materials which show specific facts sufficient to justify submitting his or her claims to a factfinder. *See Robertson*, 2004 VT 15, ¶ 15; *Samplid Enterprises, Inc. v. First Vermont Bank*, 165 Vt. 22, 25 (1996).

## II.    Vicarious Liability

As part of their amended complaint Plaintiffs have attached the following claim to four of the five claims lodged against Defendant Swett:

> Pursuant to l6 V.S.A. 1756, 24 V.S.A. 901 & 901a, the school district and supervisory
> union are liable for the actions of their employees and officers.

Pltfs. Amended Complaint at ¶¶ 39, 45, 49, and 59.

From the parties' briefing, the Court understands the intent of this allegation is to make out a claim of vicarious liability or respondeat superior claims against the District. While these statutes can serve as a vehicle for respondeat superior claims, they are primarily indemnification provisions that exist to shift certain claims away from individual officers to the Town. *Civetti v. Turner*, 2020 VT

23, ¶¶ 18, 24; see also *Coon v. Town of Springfield*, 404 F.3d 683, 686–87 (2d Cir. 2005) (determining that Section 901 does not create new rights of action).

These statutes work in the following manner: when a claim lies against a municipal or school officer or employee, the statutes direct the parties and the court to have the claims made out in the name of the municipality or school district instead of the individual officers.[3] The municipality or district effectively stands in the shoes of the employee and may only raise whatever defenses or immunity claims that the individual could have raise. *Civetti*, 2020 VT 23, at ¶ 18. As the Court in *Civetti* notes, these provisions are essentially defend-and-indemnify provisions in which the government entity acts as the indemnifier to the individual employee or officer. Id.

This distinction is important because the provisions cited by the Plaintiffs are not intended to create or establish vicarious liability, and as discussed below, these provisions have limitations on what type of tortious behavior is covered. Given that each of the three statutes have slightly different language and provisions, the Court will analyze each statute cited by Plaintiffs and what claims may be allowed under each.

*A. 24 V.S.A. § 901.*

As a preliminary matter, Plaintiffs contend that the District is liable, in part, under 24 V.S.A. § 901. The plain language of 24 V.S.A. § 90, however, states that it only applies to "appointed or elected . . . town school district officer." 24 V.S.A. § 901(a); see also *Civetti*. 2020 VT 23, at ¶ 20. Defendant Swett was neither an elected, nor an appointed. Swett was, up and until March 20, 2017, an employee of the District. Therefore, she is beyond the provisions of 24 V.S.A. § 901, and no vicarious liability or indemnification claims can arise in this case from the statute. *Hudson v. Town of East Montpelier*, 161 Vt. 168, 177 (1993) (rejecting the application of Section 901 for claims involving municipal employees). As such, the District is entitled to summary judgment on any claims against it arising from 24 V.S.A. § 901.

---

[3] The concepts of respondeat superior; indemnification, and immunity can often become entangled in their analysis given the overlap and simultaneous function of each. For example, a claim against an individual officer for negligence may spawn a claim of negligence that is brought against the municipality under Section 901's indemnification provisions, but it is only subject to the same qualified immunity defense that the officer could have raised, and not the broad municipal immunity. At the same time, the same facts might also support a direct claim against the municipality. See *Civetti*, 2020 VT 23, at ¶¶ 19–22 and ¶¶ 23–31.

**B.  24 V.S.A. § 901a.**

While 24 V.S.A. § 901 is limited to officers, the subsequent section, 24 V.S.A. § 901a is expressly applies to municipal employees.  24 V.S.A. § 901a(a); *Civetti*, 2020 VT 23, at ¶¶ 24, 25..  But its application is not unlimited or applicable to all claims.  The provisions of 901a state that "[w]hen the act or omission of a municipal employee acting within the scope of employment is alleged to have caused . . . injury to persons[] or death, the exclusive right of action shall lie against the municipality that employed the employee at the time of the act or omission[.]"  Under 26 V..S.A. § 901a(b).  At least one Vermont Superior Court decision has found that this section applies to employees of supervisory unions.  *Reilly v. Southwest Vermont Supervisory*, No. 152-4-14 Bncv, 2016 WL 6662421, at *5 (Mar. 31, 2016) (Valente, J.).  The Court in that case notes that 16 V.S.A. § 551 incorporates and applies the law of municipalities to school districts, and nothing in Section 901a would exempt it from this broader application.  This is consistent with the language of *Civetti* where the Court found that the legislative history of Section 901a indicates that it was created with a broad definition to cover employees and volunteers who are otherwise excluded from the indemnification provisions of Section 901.  *Civetti*, 2020 VT 23, at ¶ 25.  For these reasons, the Court finds the reasoning in *Reilly* to be persuasive and will apply it to the present case.

In applying Section 901a, the plain language of the statute requires the actions of the employee must fall within the scope of her employment.  24 V.S.A. § 901a(b).  In the context of the present case, this raises the question of whether Swett's actions, whipping J.G. were within the scope of her employment.  As a general proposition, assaulting a student would appear to fall outside of the scope of Defendant Swett's employment.

As the Vermont Supreme Court has explained, "[t]he conduct of an employee falls outside the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master."  *Doe v. Forrest*, 2004 VT 37, ¶ 15, 176 Vt. 476 (quotation omitted).  Although Defendant Swett's employment duties involved some level of intervention and restraint as to J.G. and his behavioral problems, they cannot be reasonably construed to include the authority to whip or otherwise abuse J.G.  Nor can whipping J.G. fairly be said to serve the District's interests.  As the *Forrest* court notes, when the actions of the employee "victimized a person [they were] there to protect, exactly contrary to the interests of [their] employer."  *Doe*, 2004 VT 37, ¶ 17.

Plaintiffs appear to concede this point, as they do not address these issues in their oppositions to the instant motion.

As noted above, the fact that 24 V.S.A. § 901a does not apply is not an entirely surprising outcome. As an indemnification and defense statute that is modeled after state tort act, the intent of the provision is inherently limited to the types of events that fall within the scope of employment. It is not unreasonable for both the legislature and the school district to limit liability where the underlying facts involve actions in which an employee has exceeded the scope or intent of their position. Such positions are inherently beyond the employer's control and intended scope of liability.

*C.   16 V.S.A. § 1756*

As part of their vicarious liability claims, Plaintiffs also allege that the District is liable for Defendant Swett's tortious actions under 16 V.S.A. § 1756. Section 1756(a) provides as follows:

> A . . . union school district and a supervisory union shall indemnify and save harmless to the extent of the policy limits provided in subsection (b) of this section any person employed by the school district or supervisory union . . . from financial loss and expense, including reasonable legal fees and costs, if any, arising out of any claim, demand, suit, or judgment **by reason of alleged negligence or other act resulting in accidental injury** to a person . . ., within or outside the school building, provided that the indemnified person at the time of the accident resulting in such injury, damage, or destruction was acting in the discharge of his or her duties within the scope of his or her employment or under the direction of the board of the school district or of the supervisory union.

16 V.S.A. § 1756(a) (emphasis added).

Section 1756 is another indemnification provision under Vermont school law. It applies to accidental injury or accidental damage to property. *Brown v. WNESU*, 2006 WL 2548198, at * 15 (D.Vt. 2006) (Sessions, J.). Section 1756 does not establish a duty of care or even a standard for vicarious liability. The statute is strictly a limited indemnification provision that applies if a school district employee commits an accidental tort.

As noted above, the undisputed facts in this case show that the injury in this case did not result from negligence or accident. Rather, the record shows that Defendant Swett intentionally

whipped J.G. with a rope, and the resulting action gave rise to both criminal charges as well as Plaintiffs' current claims of intentional tort. There is no evidence that the underlying actions were accidental or negligent.[4] Section 1756 therefore does not support Plaintiffs' claims, either on their face. *Brown*, 2006 WL 2548198, at * 15.

Based on the fact that Plaintiffs' have limited their vicarious liability claims to these three indemnification statutes, and based on the fact that none of these three provisions apply to or cover Defendant Swett's criminal actions against J.G., the District's motion for summary judgment is **Granted** in regard to Plaintiffs' vicarious liability claims under Count II (gross negligence); Count III (assault); Count IV (battery); and Count VI (negligent infliction of emotional distress). These Counts remain as to Defendant Swett, but they are dismissed against the District.

## III.   Negligent Supervision and NIED

With the dismissal of Plaintiffs' vicarious liability claims, there remain two direct allegations against the District Count I (gross negligence) and Count V (negligent infliction of emotional distress). These claims allege that the Districts negligently supervised Defendant Swett and thereby caused the incident at issue. The duty of care that school districts owe to their students is described by statute as follows:

> (a) Each school district and its employees owe its students a duty of ordinary care to prevent the students from being exposed to unreasonable risk, from which it is foreseeable that injury is likely to occur.
> (b) School districts and their employees do not owe their students a duty of immediate supervision at all times and under all circumstances.

16 V.S.A. § 834.

The Vermont Supreme Court has held that this statue does create liability for a school district where the district does not have sufficient knowledge or notice to bring the incident in question within the realm of the foreseeable. *Edson v. Barre Supervisory Union No. 61*, 2007 VT 62, ¶ 10. This is consistent with the duty of care under the Vermont common law, which only imposes a duty of care with regard to risks which are foreseeable. The Court acknowledges that the Vermont

---

[4] As Plaintiffs admit, the claims for battery and assault include an element of intent. As to the claims of gross negligence, the element of culpability is elevated and magnified to a high degree removes it from ordinary negligence. *Kane v. Lamothe*, 2007 VT 91, ¶ 12.

Supreme Court has recently acknowledged that the Third Restatement of Torts removes some element of foreseeability from the analysis of duty. See *Blondin v. Milton Town School District*, 2021 VT 2, ¶ 19 n. 6. However, the Court cannot conclude from this acknowledgment that the Vermont Supreme Court is prepared to adopt this shift in the common law. Even if the Vermont Supreme Court was prepared to do so, this Court is confronted with the issue of foreseeability, not from the common law, but from statute. The Court finds that the salient question in defining the District's duty to J.G. must be framed as whether the incident was one which "a reasonably prudent person could not have **foreseen or anticipated** under the circumstances." *Edson*, 2007 VT 62, ¶ 10 (emphasis added).

A similar question also arises as to whether the District is the proximate cause of the incident, or whether Defendant Swett's actions constituted an efficient intervening cause. "An efficient, intervening cause is a new and independent force that breaks the chain of causal connection between the original wrong and the ultimate result." *Est. of Sumner v. Dep't of Soc. & Rehab. Servs.*, 162 Vt. 628, 629 (1994). An intentional tort or crime is a superseding cause of harm "unless the actor at the time of his negligent conduct realized or should have realized the likelihood that such a situation might be created, and that a third person might avail himself of the opportunity to commit such a tort or crime." Restatement (Second) of Torts § 448 (1965).

In order to establish both duty and proximate cause, Plaintiffs must therefore establish that the District should have been able to foresee the incident. To sustain their burden, Plaintiffs rely upon the December 13, 2016 incident in which Defendant Swett used inappropriate force against J.G., and its aftermath where Plaintiffs point to evidence that both J.G.'s mother and Swett sought to remove Swett from the role as a caregiver to J.G. Plaintiffs argue that because Defendant Swett had already used inappropriate force against J.G., a reasonably prudent person should have realized that continuing to have Defendant Swett supervise J.G. created a situation where Defendant Swett might continue and expand upon her history of in appropriate force against J.G., and that both J.G.'s mother and Swett foresaw this possibility in their statements.

For the limited purpose of summary judgment, the Court is not in a position where it can resolve this factual question and weighing the evidence without stepping into the realm of the fact finder. The District's argument, apart from its briefing urging the Court to abandon the requirement of foreseeability, is effectively an argument of quality that goes to the strength of Plaintiffs' claims. The Court cannot, at this juncture, weigh the strength of Plaintiffs' evidence or make a

determination as a matter of law.  For these reasons, Defendant's motion for summary judgment is therefore denied as to Counts I and V.

## Order

Based on the Court's analysis, Defendant's motion for summary judgment is **GRANTED** as to Plaintiff's theories of vicarious liability and claims under 16 V.S.A. § 1756 and 24 V.S.A. §§ 901 and 901a.  Defendants' motion for summary judgment is **DENIED** as to Plaintiffs' claims for negligent supervision under Count I (gross negligence) and Count V (negligent infliction of emotional distress).

Electronically signed on 5/9/2024 4:10 AM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge